No. 8307.

### ALLEY v. THE STATE, EX REL. BLENZINGER.

BASTARDY.—Trial.—Jury.—Appearance.—Attorney.—The trial of a bastardy proceeding is governed by the rules regulating the trial of ordinary civil actions, and must be by jury, if a jury be properly demanded by either party. Although present by attorney only, a defendant may demand and have such trial, cross-examine witnesses, and introduce witnesses for his defence.

SAME.—Practice.—New Trial.—Statute Construed.—In such case, hearing testimony of the relatrix, while considering a motion of defendant's attorney to postpone the trial, was "irregularity,"and refusing to call a jury, when properly demanded by him, was "error of law," within the meaning of section 352, 2 R. S. 1876, p. 178, concerning new trials.

SAME.—Record.—Recitals of Order Book and Bill of Exceptions.—If the recitals of the order book and the recitals of the bill of exceptions differ, the latter must be accepted as authentic.

From the Franklin Circuit Court.

F. M. Alexander and F. Berry, for appellant.
B. Burke, Prosecuting Attorney, for appellee.

Alley v. The State, *ex rel.* Blenzinger.

NIBLACK, J.—Mary T. Blenzinger, the relatrix in this action, filed an affidavit before a justice of the peace, stating that she had been delivered of a bastard child, and charging that the appellant, Lyman S. Alley, was the father of said child. Upon a hearing the justice adjudged the appellant to be the father of the child, and recognized him to appear in the circuit court and further answer the complaint of the relatrix. In the circuit court the cause was tried by the court. There was a finding that the appellant was the father of the relatrix's child, and, over a motion for a new trial, it was adjudged that the relatrix should recover of the appellant the sum of seven hundred dollars, in specified instalments, with costs of suit, and that he should stand committed until such judgment should be replevied.

Error is assigned upon the overruling of the appellant's motion for a new trial.

The clerk's statement of certain proceedings at the trial, entered in the order book, is somewhat different from the account given of those proceedings in the bill of exceptions. In such a case, the recitals in the bill of exceptions must be accepted as the authentic account of what occurred at the trial. *The State* v. *Flemons*, 6 Ind. 279; *Carmichael* v. *Shiel*, 21 Ind. 66; *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56.

The bill of exceptions states that the appellant was absent at the time the cause was called for trial, but was represented by an attorney, who was present in court; that his attorney thereupon moved for a postponement of the cause until the following day, to enable the appellant to obtain the testimony of certain witnesses for his defence; that the appellant's attorney proceeded to make a statement of the reasons upon which he based his motion for a postponement of the cause; that, while he was making such statement, counsel for the appellee caused the relatrix to be sworn to testify as a witness upon the trial of the cause, and proceeded with

her examination as a witness therein; that, by the time the
appellant's attorney had concluded his statement, and the
court had made a ruling thereon, considerable progress had
been made with the examination of the relatrix as a witness;
that, immediately after the conclusion of his statement, and
the ruling of the court thereon, the appellant's attorney de-
manded that a jury be called to try the cause, but the court
overruled his demand, and proceeded with the trial without
a jury.

The proceedings, set forth as above, were assigned as
causes for a new trial.

The trial of a bastardy cause is governed by the rules reg-
ulating the trial of ordinary civil actions. *The State* v.
*Brown*, 44 Ind. 329; *Hawley* v. *The State*, 69 Ind. 98.
Hence, it follows that such a cause must be tried by a jury,
if a jury be properly demanded by either party. It also
follows that, in a prosecution for bastardy, the defendant,
though not personally present, may appear by attorney,
have a trial by a jury, cross-examine witnesses, and intro-
duce witnesses for the defence. *Stone* v. *The State*, 33
Ind. 538.

The examination of the relatrix as a witness, while the
court was considering the propriety of postponing the trial,
was a palpable "irregularity in the proceedings of the court,"
within the meaning of the statute concerning new trials,
and the refusal of the court to call a jury to try the cause,
was, under all the circumstances attending it, an error of
law, of which the appellant had good reason to complain. 2
R. S. 1876, p. 178, sec. 352.

The judgment is reversed, at the costs of the relatrix, and
the cause remanded for a new trial.