Monks, J.
Appellant brought this action against appellees. The complaint was in two paragraphs. Appellees each filed separate answers in two paragraphs. Appellant’s demurrers to the second paragraphs of said answers were overruled. The trial of said cause by the court resulted in a finding and, over a motion for a new trial, judgment in favor of appellees.
The errors assigned call in question the action of the court in overruling the motion for a new trial, the demurrer to the second paragraph of the answer of the bank and the demurrer to the second paragraph of the answer of Sweeney.
The first paragraph of the complaint, so far as necessary to the determination of the questions presented, is substantially as follows: “On July 5,1897, appellant executed his promissory note to the appellee, the First National Bank of Jeffersonville, for $1,580.00. At the same time and to secure said note he deposited with said appellee bank, four bonds executed by Breathitf county, Kentucky, of the denomination and value of five hundred dollars each, being numbered respectively 5, 7, 8, and 9.
“That afterwards, on August 15th, 1887,- appellant entered, into an agreement with the appellee, Patrick *430 H. Sweeney, under the terms of which said Sweeney was to pay off and take up said note and stop the interest thereon, and take all of said bonds in payment of the money expended by him in paying off said note, and the excess in value of the bonds in excess of the amount of said note to be paid appellant in cash; that at the time of making said agreement appellant executed a written order to the said appellee bank to deliver said. Sweeney said bonds and note upon the payment by said Sweeney of said notes; that said Sweeney did not comply with the terms of said agreement and order by paying off said note, but on the contrary, permitted said note and bonds to remain in the possession of said bank until the proceeds of said bonds j>aid off said note; that said Breathitt county paid ^aid bank on said bonds from time to time, until June 18, 1892, when the amount so paid was suffi cient to pay off said note and interest and was so applied, and that the same is fully paid and has been since June 18, 1892; that since that date said bank has collected on said bonds remaining unpaid over and above the amount necessary to pay off said note the sum of six hundred and nineteen dollars; that said bank is in possession of one of said bonds, being No. 9, and although before the commencement of this action appellant demanded the payment of said $619.00 and the return of said bond the bank refused to deliver said bond or pay said money to appellant; that said appellee, Sweeney, is claiming Some interest and asserting that he is the owner of said bond No. 9 and the six hundred and nineteen dollars, but he has no claim of ownership in said bond or money or any part thereof.”
The prayer of the complaint is that appellant have judgment against the bank for one thousand dollars and for an injunction against the bank from paying *431 said money, and delivering said bond to Sweeney, and for an injunction against Sweeney receiving said money and bond from said bank.
The second paragraph of the complaint is substantially the same as the first except it avers a disaffirmance of the order to the bank, and that notice of its disaffirmance of said order was given to the bank, and that notwithstanding such disaffirmance and notice, the bank paid to Sweeney the money derived from the bonds over the amount necessary to pay said note and interest.
The second paragraph of answer of the bank admitted the execution of the note by appellant, the pledge of the bonds as collateral security therefor, the payment, of the bonds 1, 2, 7, 8, and that out of the money so paid, the note, principal and interest, was paid; that' appellant in August, 1887, executed and delivered to said bank a written order directing the bank to deliver to Patrick H. Sweeney the five hundred-dollar Breathitt county bonds and also appellant’s note on payment thereof. And that said bank denied each and every other allegation in each paragraph of the complaint not admitted in said paragraph of answer. A copy of said order is set out in said paragraph.
It is earnestly insisted that the court erred in overruling appellant’s demurrer to this paragraph of answer.
This paragraph of answer denies every allegation in the complaint not admitted in said paragraph. Unless, therefore, the allegations of the complaint confessed in said paragraph are sufficient to entitle appellant to recover against the bank, it was not reversible error to overrule the demurrer thereto. It is clear that the allegations of the complaint confessed by’ *432 said paragraph of answer were not sufficient to entitle appellant to recover.
The second paragraph of the answer of appellee, Sweeney, admitted the execution of the note by appellant, the pledge of the bonds as collateral security therefor, but denied that he entered into any contract with appellant by the terms of which he promised to pay off said indebtedness or any part thereof, but that after the execution of said note and after the bonds had been pledged, he entered into a contract in writing with appellant, by which it was agreed that appellant transfer to appellee, Sweeney, all materials in his possession purchased or assigned for the construction and erection of the Breathitt county court-house, such as brick, stone, lime, lumber, iron, iron vaults, sash weights, glass, paints, oils and all other materials necessary for the completion of said house, that appellant was to superintend the erection of said house and use due diligence to complete the same within the time agreed upon with said county.
Appellant to deliver to appellee, Sweeney, all of said county bonds, still due him or that will be due him on. the original contract with the county and all claims for additional allowance already made or that may be made for additional work. The said Sweeney to pay for all necessary materials and labor to' complete said court-house according to the plans and specifications made a part of the contract, and for all additional work on said house agreed upon by appellant and said county, the money to be paid in monthly installments as the progress of the work may require. That after the execution of said contract, appellant executed an order to appellee, the First National Bank of Jeffersonville, directing said bank to pay over to said appellee, Sweeney, any of said bonds remaining after the payment of said indebtedness of ap *433 pellant to the bank, or any surplus derived from the proceeds of said bonds or any of them after so paying said indebtedness. That it was understood and agreed by the terms of said contract and order between appellant and appellee, Sweeney, that in consideration of said appellee’s having agreed to carry out the provisions of the original contract between appellant and said county for the construction of said court-house, which contract had been begun by appellant, that said Sweeney was to become the owner of the surplus bonds remaining after payment of said indebtedness togetherwith any surplus proceeds derived from the collection thereof. That said appellee had fully performed all the conditions of said contract on his part and fully completed said court-house whereby he became the owner of said bonds, etc.
Under the contract set out in said paragraph of answer, Sweeney was to have all the county bonds still due appellant, or that would be due him, as well as all allowances for extra work done or to be done. It is averred that after the contract was entered into, appellant ordered the bank to pay over to Sweeney any of the bonds held by the bank, remaining after the payment of said indebtedness, or any surplus derived from the bonds after paying appellant’s- note. It is .expressly denied in said paragraph that Sweeney had agreed to pay appellant’s note to the bank or any part thereof.
While the contract is not as specific and definite as it could have been made in the description of the bonds appellant was to deliver to Sweeney, yet we think, under the averments of this paragraph of answer, Sweeney was to have all the county bonds in appellant’s hands and the bonds or the proceeds thereof held in pledge by the bank in excess of the amount required to pay appellant’s notes and interest, as well *434 as. the bonds not yet delivered by the county. The allegations show that the parties so construed and treated said contract. In such cases it is the rule that the court will adopt such construction as the correct one. Johnson v. Gibson, 78 Ind. 282, 284, and authorities cited; Bever v. Bever, 144 Ind. 157, 164.
Said second paragraph of Sweeney’s answer was probably nothing more than an argumentative general denial and, if so, it was not error to overrule the demurrer thereto, although in such case if the demurrer had been sustained the error would have been harmless, for the reason that the first paragraph of Sweeney’s answer was a general denial.
It is assigned as error that “the court erred in refusing to grant appellant trial by jury.”
The refusal to grant trial by jury is a cause for a new trial and cannot properly be assigned as error. Alley v. State, 76 Ind. 94; Hiatt v. Renk, 64 Ind. 590. No question is presented, therefore, by this assignment of error.
The evidence tending to support the finding of the court considered alone is sufficient to support the finding, and although there is evidence to the contrary, under the well settled rule, we cannot reverse the cause upon the evidence. Lawrence v. Van Buskirk, 140 Ind. 481; Robbins v. Spencer, 140 Ind. 483, 487; Cleveland, etc., R.W. Co. v. Wynant, 134 Ind 681.
Finding no error in the record, the judgment is affirmed.