MARY A. BANNING and Another v. NELS HALL.[1]

November 10, 1897.

Nos. 10,904—(129).

**Action—Right to Jury Trial.**
> In an action in which a jury trial is not a matter of right, it is discretionary with the court whether or not it will submit issues to the jury.

**Same—Waiver.**
> Where a party is entitled to a jury trial, he waives it by failing to demand it when the case is called for trial, and by proceeding to trial, without objection, before the court without a jury.

**Usury—Question of Fact—Intent.**
> It is a question of fact for the jury or trial court whether or not a transaction is usurious in which money is loaned, and property sold by the lender to the borrower for more than it is worth, so that the lender's profit or advantage from the transaction exceeds the legal rate of interest on

[1] Reported in 72 N. W. 817.

the money loaned. Whether or not the transaction is tainted with usury depends on the purpose and intent of the parties. *Held,* in this case, the evidence sustains the decision that the transaction is not usurious.

### Evidence—Value of Neighboring Property as Test of Value.

Evidence that at the time of the transaction the owners of similar property in the vicinity of the property in question generally asked more for their property than the price for which the property in question was sold *held* admissible as tending to prove that such vendor and lender believed that the property was worth the price for which he sold it.

### Same—Weight—Opinion of Value.

The value of the property so sold, the price for which it could be sold, and the knowledge or belief of the parties as to these matters, *held* to be mere evidentiary facts, not conclusive of the case, and it was not error for the court to refuse to make additional findings as to any or all of the same.

### Trial—Additional Findings.

It is proper for the court to refuse to make additional findings in conflict with the findings already made.

Appeal by defendant from an order of the district court for St. Louis county, Cant, J., denying a motion for a new trial. Affirmed.

*Fryberger & Johanson,* for appellant.

The issues should have been submitted to the jury. G. S. 1894, §§ 2217, 5361; Young v. Young, 18 Minn. 72 (90); Berkey v. Judd, 14 Minn. 300 (394); Greenleaf v. Egan, 30 Minn. 316; Chadbourne v. Zilsdorf, 34 Minn. 43; Lace v. Fixen, 39 Minn. 46; Peterson v. Ruhnke, 46 Minn. 115.

It was error to admit evidence of the price at which other owners were holding their property. 1 Greenleaf, Ev. § 50; Lehmicke v. St. Paul, 19 Minn. 406 (464); Papooshek v. Winona, 44 Minn. 195; Stinson v. Chicago, 27 Minn. 284; Minnesota v. Gluek, 45 Minn. 463; Atkinson v. Chicago, 93 Wis. 362; Finley v. Quirk, 9 Minn. 179 (194); 1 Greenleaf, Ev. § 52; Dorman v. Ames, 12 Minn. 347 (451); Boright v. Springfield, 34 Minn. 355; Plummer v. Mold, 22 Minn. 15; Ham v. Wheaton, 61 Minn. 212.

The evidence conclusively shows that the transaction was usurious. Quackenbos v. Sayer, 62 N. Y. 344; Lloyd v. Scott, 4 Pet.

205; Lewis v. Willoughby, 43 Minn. 307; Chase v. New York, 49 Minn. 111; Saxe v. Womack, 64 Minn. 162; Meyer v. Cook, 85 Ala. 417; Parker v. Maxwell, 51 Minn. 523; City v. Cheney, 61 Minn. 83; Tyler, Usury, 368; Mumford v. American, 4 N. Y. 463; Dry Dock v. American, 3 N. Y. 344; Low v. Estate, 36 Vt. 183; Pope v. Marshall, 78 Ga. 635; Stein v. Swensen, 46 Minn. 360; Fidelity v. Baker, 54 Mo. App. 79; Barr v. Collier, 54 Ala. 39.

The court should have granted defendant's motion to strike out all the findings not supported by the evidence. Conlan v. Grace, 36 Minn. 276. A party has a right to a finding on all the material issues raised by the pleadings. Lowell v. North, 4 Minn. 15 (32); Conlan v. Grace, supra; Clark v. B. B. Richards, 68 Minn. 282; Abrahamson v. Lamberson, 68 Minn. 454; Newman v. Newman, 68 Minn. 1.

*Walter Ayers* and *H. J. & E. A. Horn*, for respondents.

The transaction as found by the court is not usurious per se. Saxe v. Womack, 64 Minn. 162. If the vendor agree to sell at a certain price and the vendee agree to purchase at that price, and a sale was clearly intended by the parties, it is of no consequence if the price agreed on is above or below the market price or value of the property. Saxe v. Womack, supra; Bank v. Waggener, 9 Pet. 378, 400. It is common in commercial transactions to ask a higher price for a sale on time than for a sale for cash. Brooks v. Avery, 4 N. Y. 225. The question is as to the intent of the parties, even if the sale of the property was insisted upon as a condition of making the loan. Thurston v. Cornell, 38 N. Y. 281. A corrupt and usurious agreement will not be presumed from a fact which is equally consistent with a lawful purpose. Valentine v. Conner, 40 N. Y. 248. The court below having found the transaction not usurious, assuming that there may be a conflict of evidence or inference upon the question, the onus is upon the defendant to prove that the transaction is usurious, and the finding should stand. Yellow Medicine v. Cook, 61 Minn. 452; Saxe v. Womack, supra.

Where the action involves an issue of fact which is not for the recovery of money only, a trial by jury is not a matter of right.

G. S. 1894, §§ 5360, 5361. Under our practice a counterclaim by defendant demanding affirmative relief is equivalent to a cross action. Eastman v. Linn, 20 Minn. 387 (433). If the defendant had a right to a jury trial, it was waived by his failure to object to a trial by the court at the time. Davis v. Smith, 7 Minn. 328 (417).

CANTY, J.

This is an action by the personal representatives of the testator on a promissory note for $2,500 made to him in his lifetime.

The answer admits that defendant executed the note, but alleges that it grew out of the following transaction: Defendant applied to the testator, Banning, in his lifetime for a loan of money. After various negotiations, Banning offered to loan defendant $3,000 and, as a condition of loaning the same, to sell and convey to him two certain lots owned by Banning in Duluth for the price of $3,000, to take a mortgage on those two lots to secure $2,500 of this price, and to take another mortgage on certain other real estate in Duluth, then owned by defendant, to secure the balance of $3,500; this balance being $500 of said purchase price, and $3,000, the amount so loaned. That the two Banning lots were then of no greater value than $1,500, as Banning and defendant well knew, and that said arrangement was proposed and accepted as a means by which Banning would exact usurious interest, and as a device to cover up usury. That Banning conveyed said two lots to defendant, who executed the promissory note in suit, for $2,500, and, to secure the same, executed to Banning a mortgage on said two lots, and also executed to Banning a note for $3,500, and, to secure the same, executed a mortgage on said other real estate owned by defendant. It is alleged that these notes and mortgages are all usurious and void, and the answer prays that all of them be declared usurious and void, and that they be ordered canceled and delivered up.

On the trial before the court without a jury, the court found that the transactions set up in the answer were not usurious, denied defendant any relief, and ordered judgment for plaintiffs for the amount of said $2,500 note. From an order denying a new trial, defendant appeals.

1. The court below did not err in denying defendant's motion, made some time before the term, that "all the issues made by the pleading" be tried by a jury. If this was not a jury case, the granting or denying of the motion by the court was discretionary. If it was a jury case, as defendant contends, no such motion was necessary, and defendant waived his right to a jury trial by failing to demand it when the case was called for trial, and proceeding to trial, without objection, before the court without a jury.

2. It may be perfectly legal to sell real estate and loan money in one transaction. The transaction here in question is not on its face usurious, and the burden was on defendant to show that it is. There is but little conflict in the evidence. Banning was dead, and therefore plaintiff was incompetent as a witness on his own behalf as to the conversations between him and Banning. A third party, who acted as agent for one or the other, or both, testified that defendant applied to him for a loan of $6,000; and he submitted the application to Banning, who rejected it on account of the insufficiency of the security, and the matter was dropped.

Subsequent negotiations were had from time to time, when Banning made the defendant a proposition to loan him $3,000, provided he would purchase the two lots for $3,000 more. Defendant answered that he did not want the lots, and also protested that the lots were not worth any more than $2,500. But, after protesting several times, defendant agreed to the proposition. This was in August, 1893. The highest estimate given on the trial of the value of the lots at the time of the transaction is $2,000 for both lots. There was also evidence tending to prove that the market value of the lots in 1890 was $2,500, and that at the time of the transaction, in 1893, owners of property in the vicinity were generally asking from $3,000 to $4,000 for two such lots as these. Shortly prior to the time of said transaction, Banning offered to sell both lots to said third party for $2,500. Each of the notes in question drew interest at the rate of 8 per cent. per annum, and became due in two years from date. As any rate of interest not exceeding 10 per cent. per annum is not usurious, Banning might, on the face of the papers, have exacted $240 more interest without incurring the penalty of usury.

The purpose and intention of the parties in entering into the transaction here in question must be gathered from evidence which is wholly circumstantial, and which, in our opinion, would have sustained a finding for either party. Therefore the finding of the court below is conclusive. We have lately considered a case quite similar to this, and an extensive discussion of the principles involved is not now necessary. See Saxe v. Womack, 64 Minn. 162, 66 N. W. 269.

3. Appellant assigns as error the receiving, against his objection, of said evidence that at the time in question owners of property in the vicinity of these two lots generally asked from $3,000 to $4,000 for two such lots as these. In our opinion, the evidence was competent, as tending to prove that Banning believed that these two lots were worth the price for which he sold them to defendant.

4. Appellant assigns as error the refusal of the court to find that the two lots in question were at the time of said transaction of no greater value than $2,000, and could be sold for no more than that sum; that Banning and defendant then knew that these lots were worth no more than $2,500, and could not be sold for any more than that sum; and that just prior to that time Banning offered to sell these lots for $2,500. None of these facts are conclusive of this case. Neither are all of them conclusive of it. They are mere evidentiary facts and circumstances, from which, with the other facts in the case, the trial court could have found for the one party or the other. It is not error for the court to refuse to find such mere evidentiary facts.

5. The court was also requested to find, in substance, that the transaction was tainted with usury. This would be wholly contradictory of the findings already made, and was properly refused.

Order affirmed.