ABBOTT ET AL. v. INMAN.

[No. 5,025.   Filed November 23, 1904.   Rehearing denied January 31, 1905.   Transfer denied April 6, 1905.]

1.   APPEAL AND ERROR.—*Refusal of Struck Jury.—How Assigned.*— The refusal to grant a struck jury can not be separately assigned as error, but must be included in the motion for a new trial.   p. 265.

2.   INTOXICATING LIQUORS. — *License. — Remonstrance.* — By statute (Acts 1895, p. 248, §9, §7283i Burns 1901), the number of legal voters in a ward is determined by the aggregate number of votes cast in such ward for the candidates for the highest office voted for at the last election held therein.   p. 266.

3.   STATUTES. — *Construction. — Intent.* — In construing a statute the courts will, if possible, carry out the intent, though such intent may conflict with the letter thereof.   p. 266.

4.   SAME.—*License.—Remonstrance.—Changing Boundaries of Ward. —Effect.*—The change of the boundary of a city ward does not prohibit the voters therein from remonstrating against an application for a liquor license, but the voters taken from such ward can not be counted on a remonstrance, and they should be deducted from the vote of such ward in estimating the total number of voters.   p. 266.

From Putnam Circuit Court; *George A. Knight,* Special Judge.

Petition by William T. Inman for license to sell intoxicating liquors at retail, against which John B. Abbott and others remonstrate. From a judgment for petitioner, remonstrants appeal. *Reversed.*

*T. T. Moore, G. C. Moore, Lyon & Peck* and *S. A. Hays,* for appellants.

*C. C. Matson, Smith C. Matson, W. W. Woollen* and *Evans Woollen,* for appellee.

COMSTOCK, J.—The appellee, William T. Inman, on March 2, 1903, filed with the board of commissioners of the county of Putnam his application for license to sell intoxicating liquors at retail in the third ward of the city of Greencastle, Indiana, under the act of March 11, 1895 (Acts 1895, p. 248, §§7283a-7283k Burns 1901). Notice was given as required by law, and the premises where sales were to be made were described. At the proper time J. B. Abbott and 198 other voters of the third ward of said city filed a remonstrance against granting said license. Said applicant in due time filed with the auditor of said county a paper containing the names of 31 persons purporting to be withdrawals from said remonstrance. The case came on for hearing before said board on application, remonstrance and withdrawals. After the evidence was submitted, the board found that said remonstrance was not signed by a majority of the legal voters of said third ward, as the law requires, and entered an order granting said applicant a license, as prayed for in his petition. From this order and finding the remonstrants appealed to the circuit court. When the case was called in the circuit court, said remonstrants, by their attorneys, filed a motion for a struck jury. To this motion the objection of the attorneys of the applicant was sustained, to which ruling the remonstrants excepted. Upon application of remonstrants a change was granted from the regular judge, and the Hon. George A. Knight was appointed and qualified to try said cause. Upon request of the remonstrants the court made a special finding of facts, stated

conclusions of law thereon, and rendered judgment in favor of appellee.

The special findings are, in substance, as follows: The city of Greencastle was prior to May 13, 1902, a municipal corporation, and divided into three wards. The third ward of said city included all the territory lying south of Hanna street. Said ward was at said time divided into two voting precincts—the east and west. An election for mayor was held in said city on May 6, 1902. At said election the aggregate vote cast in said ward for mayor was 320—150 being cast in the east precinct and 170 in the west precinct —and the total number of persons who voted at said election in said west precinct was 176. On the 13th day of May, 1902, the common council of said city redistricted said ward, for ward purposes, into four wards, and took off of the original third ward, as it existed at the time of said election, that part of the west precinct of said third ward which lies south of Hanna street, north of Olive street and west of College avenue, and put it into said new fourth ward, and said original third ward was not otherwise changed thereby, but included all the territory lying south of Hanna street, except said four blocks. At the March session, 1903, of the board of commissioners of said county, appellee applied for license to sell intoxicating liquors in the third ward of said city, having previously given notice of his intention to file such application. On February 27, three days before the meeting of said board at its March session, a remonstrance in writing, signed by the plaintiff John B. Abbott and 198 other voters of the third ward of said city, was filed with the auditor of said county, remonstrating against granting a license to said applicant for the sale of intoxicating liquors. Of the 199 persons whose names were attached to said remonstrance 22 had revoked said power by withdrawing their names therefrom before the filing of said remonstrance, by written withdrawals filed with the auditor the day before the remonstrance was filed. Of the

remaining 177 names upon said remonstrance, 10 were the names of persons who were not legal voters in the third ward of said city at the time said remonstrance was signed. Of the remaining 167 persons whose names were signed to said remonstrance, 14 resided at the time of the signing and filing thereof in the territory lying south of Hanna street, west of College avenue and north of Olive street, and were not residents and legal voters of said third ward of said city, as the same was bounded at the time of the filing of the remonstrance. The remonstrance was duly signed by 153 legal voters of said third ward of said city who resided in and were legal voters in that territory included in said third ward of said city as it existed and was bounded at the time of filing by defendant of his application, and at the time of filing said remonstrance. Of the 176 voters who voted in the west precinct of said third ward as it existed at the election on May 6, 1902, 28 resided at the time of such election in that part of said ward lying south of Hanna street, west of College avenue and north of Olive street, and which was on the 13th day of May, 1902, transferred to and made a part of the fourth ward of said city of Greencastle. No election has been held in said city or in said third ward, as it existed at the time of the filing of defendant's petition and of the filing of said remonstrance, and the last election held in said city for election of officers was on May 6, 1902.

The conclusions of law are as follows: (1) That the remonstrance ought to be, and hereby is, dismissed; (2) that the applicant Inman ought to recover his costs herein against the remonstrants. To the conclusions of law, and to each of them, the appellants excepted.

The errors relied upon for a reversal are the action of the court (1) in refusing a trial by jury; (2) in the conclusions of law stated, and each of them.

1. As claimed by appellee the first specification of error is not presented, because it should be set out as a reason for

a new trial, and the record contains no such motion. Such question can not be presented by separate assignment of error. *Alley* v. *State, ex rel.* (1881), 76 Ind. 94; *Childers* v. *First National Bank* (1897), 47 Ind. 430; *Ketcham* v. *Brazil Block Coal Co.* (1883), 88 Ind. 515; *Mattingly* v. *Paul* (1882), 88 Ind. 95.

2. We are not advised that the precise question raised by the second specification of error has been decided. The statute governing the issuing of a license (Acts 1895, p. 248, §9, §7283i Burns 1901) provides that no license to retail intoxicating liquors shall be granted if before the time named a remonstrance in writing, signed by a majority of the legal voters of any township or ward for which a license is asked, shall be filed with the auditor of the county against the granting of such license. It further provides that the number to constitute a majority of the voters in the ward or township shall be determined by the aggregate vote cast in said township or ward for candidates for the highest office at the last election preceding the filing of such remonstrance; that is, that the remonstrance is to be signed by a majority of the legal voters of the ward, and the majority is to be determined by the aggregate votes therein. *Massey* v. *Dunlap* (1896), 146 Ind. 350; *Wilcox* v. *Bryant* (1901), 156 Ind. 379.

3. In construing a statute the courts will ascertain, if possible, the legislative intent, and carry out the intention when ascertained, although in doing so the strict letter of the statute may not be followed. *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 15 L. R. A. 775, 30 Am. St. 254; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 18 L. R. A. 729; *Pittsburgh, etc., R. Co.* v. *Backus* (1893), 133 Ind. 625; *Lime City, etc., Assn.* v. *Black* (1894), 136 Ind. 544; *State* v. *Myers* (1896), 146 Ind. 36; *State Board, etc.,* v. *Holliday* (1898), 150 Ind. 216, 42 L. R. A. 826.

4. The manifest purpose of the statute is to permit the legal voters of the particular district at the time of the filing

of the remonstrance and petition to say whether such license shall issue. It was not contemplated by the legislature that between an election and the filing of an application for a license a ward would be redistricted, nor would it be a reasonable interpretation of the statute to hold that such action by a common council would deprive the resident voters of the ward of the right to express their will in the premises. Under fixed conditions the statute prescribes how that number is to be determined; that is, the number of votes cast is to serve as a basis for computation. The voters of the ward, as defined when the remonstrance and petition are presented, are to have an opportunity to be heard upon the petition. The remonstrants, no longer residents of the new ward, are not entitled to be considered, but, on the other hand, if they are not permitted to remonstrate, they are not to be counted in the aggregate of legal voters, when it affirmatively appears that they are no longer voters of the ward to be affected. It is found in the case at bar that a number of the voters had been, after the election, by a change in the ward lines, taken out of such ward. With the vote cast at said preceding election as a basis, the number of legal voters at the time of the remonstrance may be determined by deducting from said vote the number whose residence has been changed by said action of the common council.

Under the view taken by the learned trial court, a remonstrance might be rendered wholly unavailing if no election had previously been held in a ward in which license was sought. In the case before us the court found specially that after the last preceding election a part of the third ward in question, as it existed at that election, was taken to form a part of the fourth ward, so that the third ward as it existed at the time of the election was not identical with the third ward as it existed when appellee's application was acted upon. The court also found the aggregate vote as it originally existed, and the exact number of voters in the part de-

tached therefrom. The vote of the third ward at the time appellee's application was acted upon is thus determined by deducting from the number of voters (320) in the original third ward the number of votes taken out of the ward by re-districting the same, to wit, 28, the remainder being 292. The court in finding that the remonstrance was duly signed by 153 legal voters of said third ward as it existed at the time appellee filed his application, thereby found that the same was signed by a majority of the voters of the ward at that time.

The statute fixes a convenient rule for determining the number of voters at a given time. This rule, however, ought not to exclude from consideration pertinent facts transpiring since said election. Appellee can not reasonably complain of a construction of the statute in harmony with its purpose, and which gives to the legal resident voters of a given territory a voice in a matter affecting their interest as citizens and as individuals.

The judgment is reversed, and the trial court directed to restate the conclusions of law, and render judgment in accordance with this opinion.