## ANNA MARIA BOYEA v. FRANK J. BESCH.[1]

### December 5, 1919.

### No. 21,508.

**Findings of fact.**

1. The findings of fact are sustained by the evidence.

**Jury trial.**

2. The record does not present the question for review here whether defendant was erroneously deprived of a jury trial.

**Cross-examination of witness without tender of fee.**

3. No reversible error may be predicated on the fact that defendant was called for cross-examination without being tendered witness fees, or that plaintiff's whole case rested on the testimony so obtained.

Action in the district court for Washington county for an accounting for crops harvested upon certain land during 1917 and for the expense incurred in raising the crops; that the crops be sold and the expense of raising them paid, and that the surplus be divided between the parties

[1]Reported in 174 N. W. 894.

in equal shares according to their respective interests. The case was tried before Searles, J., who made findings and ordered judgment in favor of plaintiff for $183.15 and interest. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Ch. Jaudon Berryhill,* for appellant.

*O. E. Holman,* for respondent.

HOLT, J.

Plaintiff sued, alleging that she and defendant, her brother, owned a farm in Washington county as tenants in common; that defendant was in possession; that in the spring of 1917 it was agreed that defendant should sow and cultivate the farm during that year, plaintiff to receive one-half of the crop and pay one-half of the expense of raising it; that defendant farmed under that agreement, but refused to deliver to her any part of the crop, and had sold or appropriated the whole thereof, and that the value of her share, after deducting her part of the expenses, was $250. Her prayer was that defendant be required to account for the crop harvested and for the expenses incurred in raising the same, and that she receive her share of the proceeds or of what remained of the crop. The court made findings in accord with plaintiff's allegations and awarded her $185.15. Judgment was entered pursuant to the findings. Defendant appeals.

The assignments of error assail the findings of fact as to the agreement, the reasonable value of the crop raised, and the expenses of raising the same. The agreement is found in a letter, Exhibit A, written by defendant to plaintiff on April 24, 1917, wherein, after making an offer for her interest in the land, he says: "Now about the this year crop the way it is now you will get half share in the this year's crop and then you got to pay half of the expenses also." Then he goes on to renew the offer to purchase the land for $3,000, but, in such event, he wants the whole crop and all the personal property of hers on the farm. The letter clearly indicates an agreement in respect to the crops for 1917, unless a sale was effected. There was no sale. The letter was so worded that mere silence of plaintiff was an assent to the cropping arrangement which defendant stated as an existing fact. Under the agreement it undoubtedly was defendant's duty to keep an accurate account both of the crop har-

vested and the expenses connected therewith. This he did not do. When called as a witness to account, his answers were evasive and his memory incredibly at fault. He attempts to excuse his lack of knowledge by saying some memorandum book had been burned, but does not say whether it was destroyed by accident or design. He does not give any reason why he could not have obtained accurate information from the one who threshed as to the number of bushels of grain raised. We are not convinced from defendant's testimony, and he is the only witness plaintiff had, that the court did him any injustice in the findings mentioned. If there possibly should be, it must be laid to his own fault or neglect.

The chief error of which defendant complains is that he was deprived of a jury trial. At the call of the term calendar the attorney who represented defendant stated the case was for the jury; plaintiff's attorney insisted that it was an equity action triable to the court. The clerk's entry is: "For trial. Court determines that above case was a court case." The record does not contain any further request, either for a jury trial when it was reached for trial, or for submission of issues to the jury, or any objection to the court proceeding without a jury, and no exception to the ruling of the court made on the call of the calendar or brought to its attention by a motion for a new trial. The point that defendant was erroneously deprived of a jury is not available upon the record before us. Banning v. Hall, 70 Minn. 89, 72 N. W. 817.

The propositions that the court erred in permitting defendant to be called for cross-examination without being tendered his witness fees, and that plaintiff could not make her whole case from his testimony when so called, are so palpably without merit that no discussion thereof is necessary. The same holds true as to the error assigned on the reception of the letter, Exhibit A.

The judgment is affirmed.