187 So.2d 254

**Lonnie PORTER**

v.

**ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY et al.**

6 Div. 14.

Supreme Court of Alabama.

May 5, 1966.

Rehearing Denied June 16, 1966.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

COLEMAN, Justice.

Complainant appeals from a decree denying relief in a declaratory proceeding in equity.

Complainant is the insured in a contract whereby the insurer agreed to pay, within policy limits, all damages which insured shall become legally obligated to pay because of bodily injury and property damage sustained by others, caused by accident and arising out of the ownership, maintenance, or use of a certain automobile. Insurer also agreed to defend any suit against insured alleging such bodily injury or destruction and seeking damages therefor.

Respondents are the insurer and two persons who will be referred to as plaintiffs. Insured alleges that plaintiffs have filed actions at law against insured claiming damages for personal injury and property damage arising out of a motor vehicle accident at a certain time and place, and that, at the time of the accident, insured was driving the insured automobile. Insured alleges that insurer has had notice but has refused to defend the actions at law.

Insured prays for a declaration that insurer is obligated to defend and for an order enjoining plaintiffs from further prosecuting the actions against insured until insurer has assumed defense of the actions and for general relief.

Insured demanded a trial by jury. Insurer moved to strike the jury demand and the court granted the motion. Insured assigns this ruling for error.

Insurer answered the bill of complaint and said that insurer was not obligated to defend because insured had not given proper notice of the accident to insurer as required by the policy.

The court declared that insurer was not obligated to defend and that insured is not entitled to enjoin plaintiffs from further prosecuting the actions. This ruling is also assigned for error and argued in brief by insured, but, because we are of opinion that striking insured's demand for jury trial was error to reverse and requires a new trial, we do not consider any other error.

Complainant did not file any application for rehearing or motion for new trial, and insurer argues that the assignment charging error in denying complainant's jury demand cannot be considered because the alleged error was not brought to the court's attention by motion for new trial. Insurer relies on the following statement by this court:

"No motion for a new trial is predicated on the denial of a written demand for a jury. The weight of authority is that error in granting or refusing a jury trial is not considered on appeal, unless brought to the attention of the court by a motion for a new trial and opportunity for correction given. Horlacher v. Brafford, 141 Ind. 528, 40 N.E. 1078; Ketcham v. Brazil Block Coal Co., 88 Ind. 515; Huffmond v. Bence, 128 Ind. 131, 27 N.E. 347; Abbott v. Inman, 35 Ind.App. 262, 72 N.E. 284; Childers v. First National Bank, 147 Ind. 430, 46 N.E. 825; Alley v. State ex rel. Blenzinger, 76 Ind. 94; Meloy v. Weathers, 35 Ind.App. 165, 73 N.E. 924; Sone v. Williams, 130 Mo. 530, 32 S.W. 1016; Boyea v. Besch, 144 Minn. 254, 174 N.W. 894; Banning v. Hall, 70 Minn. 89, 72 N.W. 817. However this may be, we will examine the statute concerning the right of trial by jury in such a case." Schwend v. City of Birmingham, 215 Ala. 491, 492, 111 So. 205.

The earliest of the Indiana cases cited above is Alley v. State ex rel. Blenzinger, 76 Ind. 94, decided at the May Term of 1881, in which appellant demanded a jury. The court overruled appellant's demand and tried the case without a jury. The Supreme Court of Indiana reversed the judgment and remanded the cause for a new trial. It ap-

pears from the opinion that appellant did make a motion for new trial. Error was assigned upon the overruling of appellant's motion for new trial. It is not expressly stated, but the opinion indicates that overruling demand for jury was made a ground of the motion for new trial because the court said: ". . . . and the refusal of the court to call a jury to try the cause, was, under all the circumstances attending it, an error of law, of which appellant had good reason to complain. 2 R.S. 1876, p. 178, sec. 352." (76 Ind. at page 96)

2 R.S. 1876 is not available to us, but, in Revised Statutes of Indiana 1881, we find § 559 which recites in part as follows:

"559. Causes for. 420. A new trial may be granted in the following cases:

" . . . . . . . .

"Eighth. Error of law occurring at the trial and excepted to by the party making the application. . . . . (352.)"

The foregoing excerpt from the statute appears to be "sec. 352" cited in Alley v. State ex rel, Blenzinger, supra, and supports the holding that refusal of the demand for a jury was proper ground of a motion for new trial.

At the November Term of 1896, the Indiana Court said:

"It is assigned as error that 'the court erred in refusing to grant appellant trial by jury.'

"The refusal to grant trial by jury is a cause for a new trial and cannot properly be assigned as error. Alley v. State ex rel. Blenzinger, 76 Ind. 94; Hiatt v. Renk, 64 Ind. 590. No question is presented, therefore, by this assignment of error." Childers v. First National Bank, 147 Ind. 430, 436, 46 N.E. 825.

The holding in the *Childers* case, supra, may be understood by reference to an earlier case which seems to state the general rule in Indiana that any error for which a new trial may be granted is waived by the neglect of the complaining party to move for a new trial on the ground assigned for error. At the May Term of 1859, the Indiana Court said:

"The error first assigned (if one was committed), was waived by the neglect of the defendant to move for a new trial.

"We are of opinion that any matter, for which a new trial may be granted, is waived by the neglect of the party to move for a new trial.

"By § 355, of the code, it is provided that a new trial may be granted in the following cases:

" . . . . . . . .

"*Eighth*. Error of law occurring at the trial, and excepted to by the party making the application. . . . .

" . . . . . . . .

"It is unnecessary for us now to undertake to specify particularly what matters would, and what would not, come within the above provision; but some matters of common occurrence may be named. Thus, errors in rejecting proper, or in giving to the jury improper, testimony, or in giving to the jury improper charges, or refusing proper charges, are clearly within the eighth specification, while errors committed by the Court in reference to the validity of the pleadings in an action, are not within the section at all.

" . . . . . . . .

"In the language of Judge STUART, in The State v. Swarts, supra (9 Ind.R. 221), 'It is due to the lower Court that its errors, if any, should be pointed out there, so that it may retrace its steps, while the record is yet under its control. Without a motion for a new trial, the attention of the Court is not called to its own errors.'

"Numerous other cases might be cited, were it necessary, establishing the proposition that for causes coming within the sixth specification of the above section of the statute, a motion for a new trial must be made in the Court below, in order to present any question for the determination of this Court.

"The same principle will require such motion to be made for every cause specified in the statute, for which a new trial may be granted." Kent v. Lawson, 12 Ind. 675, 676, 677, 678.

The Indiana Court has also said:

"Though a question of law may be reserved for the decision of this court under section 347 of the code, yet, if it is expected to reverse the judgment upon it, it must generally be so presented below that that court could cure or avoid the error complained of by doing what the party moves it to do. . . . ." Love v. Carpenter, et al., 30 Ind. 284, 286.

We have perhaps dwelt at undue length on the Indiana rule, but we endeavor to make clear why we do not think that the Indiana rule is the law in Alabama. In Travis v. Hubbard, 267 Ala. 670, 104 So.2d 712, this court held that rulings on admission or rejection of evidence may be reviewed on appeal without a motion for new trial. In Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 226, 130 So.2d 388, this court held that rulings on the giving or refusing of requested written charges may also be reviewed on appeal without a motion for new trial.

In the instant case we hold that a ruling granting or refusing a written demand for trial by jury may be reviewed on appeal without a motion for new trial.

In Sone v. Williams, supra, the Supreme Court of Missouri said:

"I. It is now the uniform practice in this court to disregard assignments of error of which no complaint is made in the motions for new trial, and in arrest. . . . ." (130 Mo. at page 550, 32 S.W. at 1021)

In an earlier case, the Missouri Court had said:

". . . . It is altogether unnecessary to inquire whether or not the defendant was entitled to a jury. If entitled, the failure to give him one was purely matter of exception to be taken advantage of, and called to the attention of the lower court by motion for new trial, in order that its alleged error might be afforded opportunity for correction. . . . ." Ward v. Quinlivin, 65 Mo. 453, 454.

In Boyea v. Besch, 144 Minn. 254, 256, 174 N.W. 894, the court said:

"The chief error of which defendant complains is that he was deprived of a jury trial. At the call of the term calendar, the attorney who represented defendant stated the case was for the jury; plaintiff's attorney insisted that it was an equity action triable to the court. The clerk's entry is: 'For trial. Court determines that above case was a court case.' The record does not contain any further request, either for a jury trial when it was reached for trial, or for submission of issues to the jury, or any objection to the court proceeding without a jury, and no exception to the ruling of the court made on the call of the calendar or brought to its attention by a motion for a new trial. The point that defendant was erroneously deprived of a jury is not available upon the record before us. Banning v. Hall, 70 Minn. 89, 72 N.W. 817."

There is authority that motion for new trial is not required to review refusal of demand for a jury trial. One court has said:

". . . . Upon the trial of the present application for a revocation of

this probate, the petitioners, were entitled, under section 1330 of the Code of Civ. Proc., to have the issues tried by a jury, and the court erred in refusing their demand. As this was a right conferred upon them by statute, they did not waive it by subsequently going to trial under the order of the court, or by their failure to present evidence sufficient to secure a judgment in their favor.

"The petitioners were not required to move for a new trial in order to have this error of the court reviewed. . . . . ." In re Robinson's Estate, 106 Cal. 493, 496, 39 P. 862.

Some appellate courts seem to follow the rule that, in certain matters, the trial court will not be put in error for a ruling unless the ruling is called to the trial court's attention in a motion for new trial and the trial court is thus given a second opportunity to make a correct ruling. We do not think that is the law in Alabama.

■ It is true that a motion for new trial is required in Alabama in order to present certain matters for review. For example, on appeal from a judgment on a jury verdict, "In the absence of a motion for a new trial this Court will not pass on the weight of the evidence. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. . . . . ." Aldridge v. Seaborn, 253 Ala. 603, 46 So.2d 424. It is apparent, however, that such a motion for new trial is necessary in order to obtain, for the first time, a ruling, by the trial court, on the weight of the evidence. It seems that the purpose of the motion is not to afford the trial court a second opportunity to rule on the same question, but to obtain a ruling by the trial court on the weight of the evidence. The jury has already judged the weight of the evidence, but the trial court has not ruled on the weight of the evidence. In the absence of a ruling by the trial court, there is no ruling of which the appellant may complain. The motion for new trial is necessary to obtain such a ruling.

Further examination of Schwend v. City of Birmingham, supra, discloses, that although the court stated, as we understand the opinion, that, in the *Schwend* case, "No motion for a new trial is predicated on the denial of a written demand for a jury," and that the weight of authority is that such an error is not considered on appeal unless brought to attention of trial court by motion for new trial; this court, nevertheless, despite the stated weight of authority, then proceeded to consider the alleged error in refusing appellant's jury demand. As to this alleged error, the court concluded:

"We find in this record no due and timely demand in writing for a trial by jury, and we will not reverse the trial court on the trial of the contest without a jury." (215 Ala. at page 493, 111 So. at page 207)

■ Because the stated rule of the weight of authority was not followed in *Schwend,* and because the cases cited in *Schwend* rest on reasons and policy which, so far as we are advised, are not to be found in the statutes and decisions of this state, we are of opinion that the law of this state does not require a motion for new trial, predicated on the granting or refusing of a written demand for a trial by jury, as a prerequisite to consideration of such ruling on appeal. In so far as the statement in *Schwend* implies that the rule in this state is to the contrary, *Schwend* is expressly overruled.

For these reasons, we hold that we are authorized to consider the ruling which struck and denied complainant's demand for trial by jury in the instant case.

Appellee does not deny that the jury demand was timely made, duly denied by the court in a formal order or judgment, and correctly assigned as error.

Complainant says that this court has decided that it is not material whether a declaratory proceeding is begun on the equity side or the law side of the circuit court "so

long as constitutional rights are preserved, including that of trial by jury," Tuscaloosa County v. Shamblin, 233 Ala. 6, 8, 169 So. 234; that "The parties have a right to trial by jury of all issues of fact presented in declaratory judgment proceedings on the equity side if the same issues would be so triable when presented in common-law actions," Major v. Standard Accident Insurance Co., 272 Ala. 22, 24, 128 So.2d 105; that in a proceeding brought in equity by the insurer asking for a declaration to the effect that insurer is under no obligation to insured, the insured is entitled to a jury trial on proper demand, *Major* case, supra; that, in such a proceeding brought in equity, the party who sustained injury is also entitled to a jury trial when the insurance contract gives to any person, who has secured a judgment against the insured, a right to recover under the policy, as the policy did provide in the *Major* case, supra; and, that if there were no provision for declaratory relief in this state, the issue in this case is one which could ultimately be presented by action at law by the insured for breach of the contract of insurance, *Major* case, supra.

The insurer answers that the instant case differs from *Major* in that, (1) insured is prosecuting the action against the insurer, and (2) insured is praying for injunctive relief against plaintiffs.

We do not understand why the same declaratory relief is not equally available to insurer and insured.

In § 156, Title 7, it is provided that "Courts of record . . . . shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. . . . . "

In § 157, that "Any person interested under a . . . . contract . . . . or whose rights . . . . are affected by a . . . . contract . . . . may have determined any question of construction . . . . arising under the . . . . contract . . . . and ob-

tain a declaration of rights . . . . thereunder."

In § 167, that "This article is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respects to rights . . . . ; and is to be liberally construed and administered. . . . . The remedy provided for by this article shall not be construed by any court as an unusual or extraordinary one but shall be construed to be an alternative or cumulative remedy."

"This remedy is intended to be alternative, and not dependent upon an absence of other ordinary remedies, Borchard on Declaratory Judgments, pages 147, 148, provided in it constitutional rights are preserved." Tuscaloosa County v. Shamblin, supra.

In the *Major* case and in the instant case, the fundamental and ultimate issue is the same, to wit, insurer's obligation, under its contract, to defend and indemnify insured. We have examined the transcript in the *Major* case, and find that the prayer of the bill in that case recites:

"Your complainant further prays that . . . . Your Honors, will render a . . . . Decree defining the rights of the parties and declaring that . . . Major was not an insured under the provisions of said policy . . . . and that your complainant is not obligated to appear and defend . . . . Major in any future action . . . . nor to . . . . indemnify . . . . Major . . . . as a result of said collision."

In the case at bar, the prayer, in part, is that the court will make a decree ". . . . construing the said Policy . . . . and declaring the rights of the Complainant and the obligations of the Respondent . . (insurer) . . thereunder, and declaring that the . . (insurer) . . is obligated thereunder to de-

fend the actions brought against the Complainant . . . . " by plaintiffs.

We do not think we can find a material difference between the two bills with respect to the relief sought against the insurer.

There is a difference between the defense made by the insurer in *Major* and the defense made by the instant insurer. In *Major*, the insurer said it was not obligated because the policy did not apply to any automobile owned by the named insured, and the named insured, Major, did own the automobile involved in the collision in that case. Major denied that he owned the automobile. This court said that determination of the issue of ownership was dependent in part, at least, on facts, and was an issue traditionally determined in trial by jury in courts of law.

In the instant case, insurer says it is not obligated because the policy provides that, in event of an accident, insured must notify insurer "as soon as practicable," and that insured failed to give such notice. Insurer also says it has not waived its right to deny liability and that insurer has not been prejudiced by any alleged waiver. Determination of these issues are also dependent, at least in part, on facts, and are issues of fact such as are traditionally determined in trial by jury in actions at law.

Suppose, in the instant case, that insured did not demand a jury, but insurer demanded a jury. Under the holding in *Major,* it seems that, in such an event, the insurer would have the right to a jury because it is a constitutional right in an action for breach of contract for which the declaratory proceeding is a substitute.

But insurer says the insured has no right to a jury when insured is the moving party. To reach that result, we would be compelled to hold that the legislature intended, by the declaratory judgments act, to provide a new, cumulative remedy, to be "liberally construed and administered" and "to afford relief from uncertainty," but

intended also to penalize the party who sought to utilize the remedy by commenceing the lawsuit. The penalty, of course, would be loss of the right to trial by jury. We are not persuaded that the legislature intended that a party would be required to surrender the constitutional right to jury trial in order to use a remedy which the legislature "declared to be remedial" and its purpose "to afford relief from uncertainty." To so hold would be to disregard the statutory command that the act "is to be liberally construed and administered."

We find no language in the act to suggest that the legislature intended to impose such a penalty. We do not think the legislature intended that insurer or insured should forfeit that right by filing on the equity side, when it is not "material whether the proceeding is begun on one docket or the other, so long as constitutional rights are preserved, including that of trial by jury." Tuscaloosa County v. Shamblin, supra.

Insurer says insured is not entitled to a jury because the instant action "against the insurer is one for specific performance of the contract, and being equitable in nature does not entitle the appellant to a trial by jury."

We have already tried to show that the relief here asked for is the same relief asked for in the *Major* case, to wit, a declaration of rights under the insurance contract. The only distinction is that a different party is asking. If the instant case is one seeking specific performance, the *Major* case is one seeking to avoid specific performance. As far as relief sought is concerned, the only difference is that insured is the moving party here while insurer was the moving party in *Major*. The respective parties seek exactly the same result in both cases. We have already sought to show that the right to a jury does not depend on who commences the lawsuit. We are of opinion that insured should not be denied a jury on the ground that he seeks specific performance.

Cases bearing on the right to jury trial in proceedings for declaratory relief on the question of insurance coverage are collected in 13 A.L.R.2d 793.

The annotation cites a number of cases for declaratory relief in which insurer was the moving party, in which the courts held that the defendant, insured, was entitled to a jury trial on issues of fact. See: Fidelity & Casualty Co. v. Groth, Sup., 47 N.Y. S.2d 68; Utica Mutual Ins. Co. v. Beers Chevrolet Co., Inc., 250 App.Div. 348, 294 N.Y.S. 82.

We find one case in which the beneficiary is plaintiff and insurer is defendant. In Crollard v. Northern Life Ins. Co., 240 Mo.App. 355, 200 S.W.2d 375, the plaintiff was the assignee of the beneficiaries of the deceased insured. Plaintiff brought a proceeding against insurer on an automobile accident policy. Plaintiff prayed that the court submit the issues to the jury for findings of fact and then determine the liability against insurer and declare rights of plaintiff and insurer under the policy. The appellate court affirmed the judgment against insurer. In upholding plaintiff's right to trial by jury the court said:

"A proceeding for a declaratory judgment under our statutes is sui generis and is not of itself strictly either legal or equitable, although its historical affinity is equitable. (Citations Omitted.) Plaintiff's action here is evidently not one for the recovery of money only. If plaintiff's action in the instant case is considered as one at law, it is not subject to objection because a declaratory judgment is asked. (Citation Omitted.) But if the action is one at law, both plaintiff and defendant would be entitled to a determination of the issues of fact by a jury, although a declaratory judgment was prayed. (Citations Omitted.) If the complaint in such an action is one in equity, then the chancellor could in his discretion submit such issues of fact to a jury and accept or reject its findings in whole or in part, and

the verdict would be advisory only, as always in equity.

" . . . . . . .

" . . . . Section 1134 of our statutes requires the court to have the facts determined in such actions as in other civil actions. It was not intended that the action for declaratory judgment should interfere with the existing right of a trial of the facts by jury. (Citations Omitted.) If the complaint be one at law, as we believe the present one to be, and no equitable defense is made or affirmative relief in equity is asked by the defendant, then the parties have a right to a determination of the facts by a jury . . . . " (200 S.W.2d at pages 382, 383)

■ We come to insurer's contention that insured is not entitled to a jury because the purpose of the bill "is to obtain some recognized equitable relief, in addition to declaring a status." The equitable relief referred to is the relief asked for "to enjoin and restrain" plaintiffs from prosecuting the action for damages against insured until insurer assumes defense of those actions. Insured also asked for different or general relief to which he may be entitled.

It is apparent, we think, that any injunction or order, restraining prosecution of the actions by plaintiffs against insured, should be to enjoin such prosecution until the final determination of the instant proceeding. After the obligation of insurer is finally determined in this case, we conceive of no reason why plaintiffs should be further delayed in prosecution of their actions against complainant.

Insurer asserts that complainant was not entitled to jury trial because, where the purpose of a bill for declaratory relief is to obtain some recognized equitable relief, in addition to declaring a status, the right to jury trial does not apply, and the purpose of the instant bill is to obtain such recog-

nized equitable relief in the injunction prayed for against plaintiffs.

Insurer cites two cases to support this argument. The first case is Miller v. Hewell, 271 Ala. 286, 123 So.2d 126, in which the amended bill sought to have a deed declared a mortgage, to have an accounting to determine that the mortgage had been paid in full or to have the unpaid amount of the mortgage debt barred by the statute of limitation, to quiet title under Title 7, §§ 1109–1115, Code 1940, and also an aspect like a bill quia timet to cancel an instrument which appeared to convey a superior title. Complainants requested a jury under § 1112, Title 7. On appeal, this court affirmed the denial of a jury under the rule which insurer seeks to apply in the instant case.

In the other case, relied on by insurer, Webb v. Bank of Brewton, 265 Ala. 568, 93 So.2d 154, in which complainant sought to vacate and annul a mortgage, the trial court denied complainant's demand for a jury, which also was based on § 1112, Title 7. This court said:

"It is apparent that the purpose of the bill is to invoke the right to apply section 15, Title 20, Code, to the mortgage. The bill shows that without any statutory authority a court of equity has jurisdiction to set aside the mortgage as a cloud on complainant's title if it is subject to the option conferred by that statute. The allegations prescribed by section 1110, Title 7, Code (to quiet title) were wholly unnecessary to confer jurisdiction and added nothing to the equity of the bill. When the purpose of the bill is to obtain some recognized equitable relief, in addition to declaring a status as provided in sections 1109 and 1112, Title 7, Code, the right to a jury trial granted by section 1112 does not apply. Ex parte Baird, 240 Ala. 585, 200 So. 601." (265 Ala. at page 572, 93 So.2d at page 157)

It is apparent in the two cited cases that complainant asked for relief under § 1112,

Title 7, merely in an effort to obtain a right to a jury trial and that the real purpose of the bill in each case was to obtain recognized equitable relief as the court stated. That is not the situation here. The real purpose of the instant bill is to obtain a declaration of rights under the insurance contract. This declaratory relief is not recognized equitable relief afforded under established chancery procedure to cancel mortgages, for accounting and the like. As the Missouri Court said, this declaratory proceeding is sui generis and is neither strictly legal nor equitable. The temporary injunction is sought merely to maintain the status quo until the purpose of the bill has been accomplished and uncertainty removed by declaring the rights of the parties. Without the prayer for temporary injunction, there is certainly no prayer for recognized equitable relief. We are of opinion that the statute does not require the insured to abstain from an effort to preserve the status quo as a prerequisite to preserving his right to have issues of fact tried by jury in an action which is a substitute for a common-law action on a contract.

We have found one case in which it was contended that a prayer for temporary injunction required the court to deny a jury trial. In an action for damages for obstruction of a way, plaintiff prayed for an injunction pendente lite. The case was tried to a jury and resulted in verdict for plaintiff. Defendant appealed. The opinion recites:

"The defendant objected to a jury trial. The objection was overruled, and that is assigned as error.

"The objection seems to be that the sixth paragraph of the first count 'is conversant purely with an equitable cause of action for an equitable remedy.' This objection seems to overlook the fact that the allegations of that paragraph are solely for the purpose of a temporary injunction pendente lite. The finding does not show that on the trial any evidence was offered in support of these

allegations. The defendant's requests to charge the jury make no reference to any such evidence, and the charge of the court submits to the jury no question pertaining to that issue. We may safely assume then, (what was doubtless true in fact,) that the only issue submitted to the jury was the legal issue, as distinguished from the equitable. It is certainly competent for a party to invoke the aid of a court of equity to protect his alleged legal right, by staying the hand of the opposite party from destroying it pending litigation; and it is equally his privilege to have the questions as to the existence of his legal right tried and determined by a jury. There was no error in overruling this objection." Spencer v. New York & New England R. R. Co., 62 Conn. 242, 243, 244, 25 A. 350.

City of Mobile v. Gulf Development Co., 277 Ala. 431, 171 So.2d 247, was commenced by bill in equity for declaratory relief. The bill contained a prayer for temporary injunction to enjoin tax collector from collecting taxes on the real estate there involved, and a prayer that the injunction be made permanent until one of respondents complied with an act of the legislature. Respondents demanded a trial by jury and the court granted complainant's motion to strike the jury demand. On appeal, no argument was made as to the effect of the prayer for temporary injunction on the right to jury trial, but this court held that the trial court erred in striking the jury demand and said:

"As already stated, we do not think that the bill of complaint, or other pleadings, discloses any recognized ground of equitable jurisdiction. The purpose disclosed by the bill is to obtain a declaration that the city is bound to pay, or cause to be paid, to complainant the cost of certain water and sewer lines as a condition precedent to the levy of taxes

on certain property, which complainant does not own, and to coerce the city into making such payment to complainant. The proceeding has the indicia of a proceeding to collect a debt.

"     .   .   .   .   .   .   .

"The constitutional guaranty of trial by jury does not extend to causes unknown to the common law or to the statutory law as it existed at the time of the adoption of the Constitution; Miller v. Gaston, 212 Ala. 519, 103 So. 541; but it seems implicit that the right to a jury is preserved in causes known to the common law. Section 11, Constitution of 1901.

"Being of opinion that the relief here sought is of the nature of the relief recoverable in a common-law action, we are of opinion that respondents had a right to trial by jury and that the court erred in granting the motion to strike the jury demand." (277 Ala. at page 443, 171 So.2d at page 259)

We are of opinion that in a suit in equity, begun by insured, seeking a declaration of rights and determination of insurer's obligation to defend, as in the instant case, the insured has a right to trial by jury of all issues of fact if the same issues would be so triable when presented in common-law actions; and, further, that a party's right to trial by jury in such a proceeding is not affected or lost by a prayer for temporary injunction to maintain the status quo by restraining the injured party plaintiffs from further prosecuting actions at law against insured pending final determination of the declaratory proceeding.

For denial of jury trial the decree is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.