INGRAM, Judge.
This appeal originated when plaintiff Ralph Hornsby and Hornsby, Blankenship, Robinson, and Meginniss, P.A., brought an action in Madison County, seeking recovery from William H. Mobley III for monies due by account and work and labor done. The district court awarded Hornsby $753.50 plus court costs. Mobley appealed the decision to the Circuit Court of Madison Coun *30 ty. On February 4, 1987, the jury returned a verdict in favor of Hornsby, and damages were awarded in the amount of $798.71. Mobley appeals.
The dispositive issue on appeal is whether the trial court erred in entering judgment on the jury verdict of $798.71.
The record reveals that Hornsby was retained by Mobley to represent him in a divorce action. Although originally expected to be uncontested, the divorce was contested, and numerous negotiations and drafting of agreements were necessary. There was evidence that Mobley and Hornsby agreed that Hornsby would charge Mobley $1,500.00 as a flat fee if the divorce was settled before trial. Mobley paid Hornsby $900.00 and gave him a postdated check for the remaining $600.00. The check was returned for insufficient funds, and then Mobley stopped payment on the check. The jury returned a verdict for the $600.00 plus court costs, and the trial court entered a judgment on the verdict.
Appellant contends that the evidence was not sufficient to support the jury’s verdict. Though after reviewing the record we find no merit in this contention, the trial court was never given the opportunity to rule on the sufficiency of the evidence, as no motion for new trial or judgment notwithstanding the verdict was made. Porter v. Alabama Farm Bur. Mut. Cas. Ins. Co., 279 Ala. 499, 187 So.2d 254 (1966). Therefore this court is precluded from making a ruling on the sufficiency of the evidence. State v. Long, 344 So.2d 754 (Ala.1977).
We pretermit discussion of the remaining issues concerning the appellant’s contention that his due process rights were violated, as he fails to cite any authority for his claims. Stover v. Alabama Farm Bur. Ins. Co., 467 So.2d 251 (Ala.1985); Rule 28(a)(5), Alabama Rules of Appellate Procedure. Furthermore, the trial court had no opportunity to rule on those matters, and we will not entertain on appeal issues brought up for the first time. We may review a case only on the theory under which it was tried and judgment rendered. Boyd v. Sellers, 431 So.2d 1294 (Ala.Civ.App.1983); Rule 4, A.R.A.P.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.