171 So.2d 240

**W. N. REYNOLDS**

v.

**David HENSON.**

**I Div. 210**

Supreme Court of Alabama.

Jan. 21, 1965.

Wallace P. Pruitt and Jas. N. Granade, Chatom, for appellant.

Grady W. Hurst, Jr., Chatom, for appellee.

SIMPSON, Justice.

This is the third appeal of this case. The first two appeals were reported in 268 Ala. 239, 105 So.2d 679; and 275 Ala. 435, 155 So.2d 600.

On the last appeal, because of numerous violations of Rule 9, Supreme Court Rules of Practice, Tit. 7, Code of Alabama 1940, as amended, the judgment was affirmed by this Court. The briefs on file with this appeal by appellant are subject to the same insufficiencies as were there present in appellant's brief.

■ It appears that here appellant is appealing from a ruling of the Circuit Court of Washington County denying his motion to stay execution of the judgment that was affirmed by this Court on the second appeal of this cause. The lower court denied the motion stating in its opinion that it did not have jurisdiction of the same. There is no authority for the taking of an appeal as such from an order denying a motion to stay execution, so the appeal will be dismissed.

Appellant here contends that his case was meritorious and argues facts in brief to establish it in this Court. However, being without authority in the premises we cannot consider such argument.

But, as we view the matter, appellant is not wholly without remedy. Our statute, § 959, Tit. 7, Code of 1940 provides:

"Two judgments in favor of the defendant in an action of ejectment, or in an action in the nature of an action of ejectment, between the same parties, in which the same title is put in issue, are a bar to any action for the recovery of the land, or any part thereof, between the same parties or their privies, founded on the same title; provided, however, the two trials were had upon the issue of not guilty."

■ At common law a judgment in ejectment was never final. The progenitor of our statute (Code 1886, § 2714) wrought a change in the common law rule making two judgments a bar to further action, and we have given frequent applications to the statute. See Morgan v. Lehman, Durr & Co., 92 Ala. 440, 9 So. 314; Winston v. Hodges, 102 Ala. 304, 15 So. 528; Williamson v. Mayer Bros., 117 Ala. 253, 23 So. 3; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147; Carr v. Moore, 203 Ala. 223, 82 So. 473; Moore v. McLean, 248 Ala. 9, 26 So. 2d 96. In Morgan v. Lehman, Durr & Co., supra, we held that a *defendant* in ejectment against whom a judgment has been rendered has a remedy by appeal for errors in the judgment and if dispossessed may retry the title in a second action. The other cases cited are to the same effect, that is, two adverse judgments would bar a party from instituting further actions. While in this litigation there have been two trials, yet there has been but one action. The first judgment was reversed and thus went for naught. On second trial there was verdict and judgment for plaintiff from which defendant appealed. As we have shown, this second judgment was affirmed on procedural grounds and the trial court merely entered execution upon the judgment theretofore entered by that court. As we have shown, the present appeal is not from a judgment, but refusal to grant a stay of execution. It follows, therefore, that there has been but one final judgment rendered against defendant in *this cause,* and therefore defendant is entitled to maintain a second action should he so desire. To avoid any possible confusion, we have gone to some pains in stating this conclusion, for in our opinion,

Code, § 959, Tit. 7, in modifying the common law, must have intended to limit *two actions* by an unsuccessful party in ejectment, rather than judgments in the same action, whereas the common law placed no limit upon such actions. Authorities, supra.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.