This appeal involves a divorce decree rendered by the Circuit Court of Madison County divesting appellant-Howard Helton of title to the parties' jointly owned residence and awarding the residence to appellee-Mary Helton. Appellant has brought this appeal on the ground that the action of the circuit court regarding the division of the property was plainly and palpably erroneous.
The parties to this divorce were married in 1951. For a number of years after their marriage they ran a small service station. Both the husband (Howard Helton) and the wife (Mary Helton) worked long hours to achieve success in this endeavor. Eventually, however, the husband's mental health would not permit them to continue to operate the service station. Indeed, physicians who treated the husband at the Huntsville Mental Health Center stated that he suffered from chronic mental depression, an overly dependent personality and limited natural intelligence.
Since the parties ceased to operate their small business, their only income has been the $223 monthly payment the husband receives from Social Security for his mental disability. The husband also receives a check each month in the amount of $20 from the Alabama Department of Pensions and Security. The wife has no source of income independent of that received by her former husband. Moreover, she has no skills or training which would enable her to obtain a position by which she could earn an income.
In addition to the above described facts, the wife's health is poor. Her mobility is limited due to a cyst located on her leg and she is overweight. She also suffers from kidney and bladder problems which require a doctor's care.
Prior to their divorce the parties resided in a home valued between $6,000 to $7,000. They obtained this house as a result of a will devising the property to them "share and share alike." The woman who devised the house to the couple had been an invalid for several years before her death and the wife had cared for her on a parttime basis as a personal nurse. It was this residence which the trial court awarded to the wife under the terms of the divorce decree. The husband claims that this property was improperly awarded to his ex-wife.
The wife filed her complaint seeking a divorce on August 2, 1977. Her complaint included a request that a guardian ad litem be appointed to represent her husband. Thereafter, a guardian ad litem was appointed by the trial court. The attorney who acted as guardian ad litem then filed an answer to the wife's complaint alleging that the husband was not mentally incompetent; that he had never been adjudicated as mentally incompetent by an Alabama court; and that he did not wish a divorce. Next, the husband's counsel wrote the psychiatrist who treated the husband inquiring if he (the husband) was mentally competent to undergo a divorce procedure. The psychiatrist responded in a letter stating that the husband would be able to take part in a divorce proceeding despite his mental problems. A hearing was subsequently held at which both parties testified in their own behalf and at which the husband was represented by the lawyer who had been appointed as guardian ad litem. At the close of the evidentiary phase of the hearing the trial court divorced the parties on the *Page 259 
ground of incompatibility and awarded the couple's residence to the wife. There was no other property of substantial value to divide except the family automobile, which the husband received.
The first issue for our consideration concerns the husband's contention that the trial court made no express legal adjudication as to his mental status. However, we fail to see the relevancy of an express finding of mental incompetency in this case. Rule 17 (c) of the Alabama Rules of Civil Procedure requires that the appropriate court shall appoint a guardian ad litem to represent an incompetent person in actions involving the latter. But in divorce cases there is no requirement that a party be officially adjudged a mental incompetent unless mental incompetency is the ground upon which relief is sought. Code of Alabama 1975, § 30-2-1 (8) and § 22-52-1 et seq. Nor is an official adjudication of incompetency necessary to invoke the precepts found in Rule 17 (c). In cases such as the one before us it is sufficient that the trial court is apprised of the possibility that a party is an incompetent by the pleadings or otherwise. Such notice enables the court to appoint a guardian ad litem to protect the alleged incompetent's interests. In this instance the trial court was apprised prior to the divorce hearing that the husband might be mentally incompetent and in need of legal representation. Accordingly, the trial court followed the mandate of Rule 17 (c) and appointed an attorney to serve as the husband's counsel. Since the divorce was not sought on the grounds of insanity the court was under no compulsion to officially adjudge the husband mentally incompetent prior to rendering a judgment divorcing the parties for incompatibility. Cf. Box v. Box, 253 Ala. 297, 45 So.2d 157
(1950). Consequently, we perceive no error in the court's failure to officially adjudge the husband a mental incompetent.
Under Rule 17 (c) the court may also take any additional steps it deems proper in an effort to protect the incompetent person. Such steps are, however, within the court's discretion and we will not reverse the court unless there is an abuse of such discretion. In the present case the trial court refused the guardian ad litem's request that his client be subjected to a mental examination. Such a decision was within the court's discretion and we cannot say that the refusal to permit a mental examination constituted an abuse of discretion. See Rule 17 (c) and Rule 35, ARCP; see also Schlagenhauf v. Holder,379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964). Moreover, the court heard a substantial amount of testimony from the wife and one of the couple's daughters to the effect that the husband acted strangely. Included in this testimony were statements that the husband would fall on the floor and pretend that he was dead; that he would pretend to go on hunger strikes while surreptitiously purloining food from the kitchen pantry; and that he sometimes became enraged and struck his daughter and her small children. A letter from the psychiatrist at the Madison County Department of Health further indicated that the husband suffered from chronic depression and an overly dependent personality. In addition, the trial court heard the testimony of the husband and observed his demeanor. Based on the aforementioned evidence we believe that the trial court could have properly concluded — without an additional mental examination — that the husband was mentally incompetent and that the appointment of a guardian ad litem was necessary to protect his interests.
The second issue submitted for our review on appeal involves the husband's claim that he could not be at "fault" in causing the divorce since he was mentally incompetent. However, we would note that the parties were granted a divorce on the ground of incompatibility. And in at least two decisions we have held that where a divorce is based on "incompatibility of temperament," traditional concepts of fault and misconduct must recede into the background since the primary inquiry in such instances is whether there are conflicts and difficulties between the parties so deep and irreconcilable that it is impossible for the parties to continue a normal marital *Page 260 
relationship. Cooper v. Cooper, 57 Ala. App. 674, 331 So.2d 689
(1976); Phillips v. Phillips, 49 Ala. App. 514, 274 So.2d 71
(1973).
In this instance the husband's mental breakdown destroyed his marriage. Although we cannot say what caused his mental collapse, the divorce must nevertheless be granted since the wife testified that the husband's mental condition made it impossible for the parties to continue to live together as man and wife. Kegley v. Kegley, Ala.Civ.App., 355 So.2d 1121
(1977), cert. den. Ala., 355 So.2d 1123 (1978).
The final issue for our determination on this appeal is the husband's assertion that the award of the parties' jointly owned home, and only significant asset, to his former wife is arbitrary and unconscionable.
We have stated that in situations where the parties' home is their only significant asset, the award of the home to the wife under the terms of a divorce decree does not require reversal.Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384 (1977). This view is premised on the proposition that an equal division of property in cases of this nature is not required; instead, the division may be graduated according to the circumstances of the parties.Cobb v. Cobb; Eubanks v. Eubanks, 52 Ala. App. 224,291 So.2d 159 (1974). And among the factors relevant to the parties' circumstances are: the parties' future prospects; the parties' standard of living during their marriage and their potential for maintaining or exceeding that standard after their divorce; their ages, sex and health; the length of their marriage; the source (or sources) of their common property; and in appropriate instances, the conduct of the parties with reference to the cause of the divorce. Mitchell v. Mitchell, Ala.Civ.App., 351 So.2d 602 (1977).
In the present case the parties were married twenty-six years. During the latter years of the marriage they lived in a state of poverty. The husband has an extremely small monthly income in the form of disability benefits. His ability to obtain employment is virtually precluded by his mental condition. However, the wife has no income whatsoever and her age, lack of job skills and health problems constitute an almost insurmountable obstacle to her ability to earn an income in the future. Unless the wife is allowed to remain in the home, she will have no place to live. The husband, on the other hand, has family living in the Huntsville area with whom he has close personal relations. Hopefully his family can provide him with a place to live. Finally, the home in which the husband and wife resided was devised to them largely on the basis of the wife's care of the woman who left the property to the parties in her will. Under these circumstances, we find no plain or palpable abuse in the trial court's decision to award the parties' residence to the wife. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.