This appeal is from an order of the trial Court setting aside a quitclaim deed and entering a judgment in favor of the Plaintiff-Appellee for $81,478.30. This case concerns the homesite and its contents previously *Page 1043 
owned by the late George M. Meriwether, the Plaintiff's father and the Defendant's husband.
The suit was brought in the Circuit Court of Mobile County by Ann Meriwether Brown, the Appellee. In her complaint, Ms. Brown sought to have a quitclaim deed declared void on the grounds of duress and undue influence allegedly exercised by Kay M. Meriwether, Defendant/Appellant. The complaint also named The Merchants National Bank of Mobile as a Defendant because it was acting as Executor and Trustee under the Last Will and Testament of George M. Meriwether. Upon motion by Ms. Meriwether, The Merchants National Bank was realigned as a Plaintiff and the case was transferred to the Circuit Court of Baldwin County.
Ann Meriwether Brown is the only child of the late George M. Meriwether. Kay M. Meriwether was George M. Meriwether's second wife and is not Ms. Brown's mother. At the time George M. Meriwether was married to Kay M. Meriwether, he was afflicted with Parkinson's disease. On the first day of November, 1972, George M. Meriwether executed his last will and testament, leaving a life estate in his home and its contents to his second wife, Kay M. Meriwether, so long as she did not abandon the dwelling. Ms. Brown, the daughter, received the remainder in fee simple.
On November 2, 1972, one day after the execution of his last will and testament, George M. Meriwether had prepared a quitclaim deed conveying to his wife his home and its contents. Subsequent to the death of George M. Meriwether and prior to the filing of this cause of action, Ms. Meriwether sold the home for $95,000. The proceeds from the sale were then loaned by her to her son, who was in business in Orlando, Florida.
After initiation of Appellee's cause of action, the trial Court, upon motion by Appellant's attorney, appointed a guardian ad litem for Appellant. Trial before a jury began the next day, October 18, 1979.
 I. Appointment of a Guardian ad Litem.
Appellant's initial argument on appeal is to challenge the propriety of the trial Court's failure to allow her guardian ad litem sufficient time in which to prepare his case. This contention is without merit.
Rule 17 (c) of the Alabama Rules of Civil Procedure states the law with respect to the Circuit Court's appointment of a guardian ad litem.
 "The court shall appoint a guardian ad litem . . . (2) for an incompetent person not otherwise represented in an action and may make any other orders it deems proper for the protection of the infant or incompetent person." Rule 17 (c) of the Alabama Rules of Civil Procedure. (Emphasis added.)
Ms. Brown contends, and we agree, that a close reading of the record indicates the Appellant was diligently represented by counsel, from the inception of this suit through this appeal. Consequently, in keeping with Rule 17 (c), the trial Court was under no duty to appoint a guardian ad litem in the first place.
Assuming arguendo that Ms. Meriwether was entitled to appointment of a guardian ad litem, we next address Appellant's contention that her guardian was afforded insufficient time in which to prepare an adequate defense.
The Circuit Court received Appellant's request for appointment of a guardian ad litem one day prior to the date the case was set for trial. Neither the attorney for Appellant nor the guardian ad litem himself ever requested a continuance in the matter. Furthermore, the record indicates that the guardian ad litem signed an acceptance and filed an answer while never objecting to the trial date of October 18, 1979. InHelton v. Helton, 362 So.2d 257 (Ala.Civ.App. 1978), the Court of Civil Appeals aptly stated:
 "Under Rule 17 (c) the court may also take any additional steps it deems proper in an effort to protect the incompetent person. Such steps are, however, within the Court's discretion and we will not reverse the court unless there is an abuse *Page 1044 
of such discretion." Helton v. Helton, at 259.
The Circuit Court, in our opinion, acted properly and cannot be said to have abused its discretion.
 II. Appellant's Preservation of the Issues Below.
There is nothing in the record to indicate that Appellant's attorney or the guardian ad litem made any objection to the trial date of October 18, 1979. Nor are we able to discern from our review of the record any motion for a continuance ever having been presented to evoke an adverse ruling.
Accordingly, Appellant's failure to properly preserve such issues below precludes any additional inquiry by this Court.Moody v. State ex rel. Payne, 295 Ala. 299, 329 So.2d 73
(1976); Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973);Callahan v. Weiland, 291 Ala. 183, 279 So.2d 451 (1973); 65 A.L.R.3rd 1201.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.