This is an automobile accident case.
The parties prepared and signed an agreed statement as being the record on appeal in accordance with Rule 10 (e) of the Alabama Rules of Appellate Procedure. The trial court approved it. Pertinent portions of the agreed statement follow:
 "2. On August 3, 1982, the plaintiff, Gaston S. Strickling, filed a complaint charging the defendant, Jeffrey Lynn Ridgeway with negligent operation of an automobile. The sheriff served the defendant, who was a minor, personally but did not serve anyone else. The defendant denied the allegations of the complaint. The Answer of the defendant denied the plaintiff's allegations and charged the plaintiff with contributory negligence.
 "3. On March 16, 1983 the plaintiff, upon proper notice, took the deposition of Dr. N.E. Nester who had treated the plaintiff.
 "4. The case was tried before a jury on April 12, 1983. The jury returned a verdict in favor of the plaintiff and assessed his damages at $5,595.00 plus costs.
 "5. At the time the suit was filed on August 3, 1982, the defendant, Jeffrey Lynn Ridgeway was a minor, 17 years of age. The defendant was born on August 28, 1964. At the time the case was tried before the jury, the defendant was a minor, 18 years old.
 "6. The trial commenced on April 12, 1983. A jury was selected, the plaintiff offered his own testimony and the deposition of Dr. Nester. The plaintiff then rested. The defendant then began offering testimony from other witnesses concerning the automobile accident. The court recessed for lunch. Following the noon recess, the plaintiff's attorney moved in open court for the court to appoint a guardian ad litem to represent the defendant. No guardian ad litem had been appointed to represent the defendant at any stage of the proceedings until the motion was made. The court immediately appointed Arthur Fite, III, the attorney who had been representing the defendant from the beginning of the suit, to be the defendant's guardian ad litem. The defendant then proceeded with the remaining witnesses with respect to his case and following the presentation of his witnesses the defendant rested.
 "7. The defendant was represented by the same attorney throughout the entire proceedings, but only by a guardian ad litem from a point during the course of the trial of the case as stated in the preceding paragraph. At no time did the defendant have a general guardian.
 "8. At the time that the plaintiff moved for an appointment of guardian ad litem, which was done outside the presence of the jury, the plaintiff's counsel stated to the court that he was of the opinion that the defendant was entitled to a mistrial at that time because there had been no appointment of a guardian ad litem prior to the trial. Neither the plaintiff nor the defendant moved for a mistrial at any time on any grounds, nor did the court order a mistrial.
 "9. The defendant filed a timely motion for a new trial raising the issue of the failure of the trial court to make a timely appointment of a guardian ad litem for the defendant. The trial court denied the motion for a new trial and this appeal was perfected."
The minor defendant argues that important proceedings, consisting of the taking of the doctor's deposition and the undertaking and completion of a major portion of the jury trial, occurred at a time when he did not have a guardian ad litem. He argues that the failure of the trial court to timely appoint a guardian ad litem rendered the final judgment voidable and that it is due to be set aside. The primary authority for his argument is Citizens Walgreen Drug Agency,Inc. v. Gulf Insurance Company, 282 Ala. 648, 213 So.2d 814
(1968). *Page 108 
On the other hand, the plaintiff contends that Rule 17 (c) of the Alabama Rules of Civil Procedure changed or altered the prior Alabama rule. He argues that the appointment of a guardian ad litem is not always required under the federal civil rules and that, when a guardian ad litem is not appointed, or the appointment is late, the judgment is voidable only when the minor defendant was not properly represented in the civil action. The plaintiff's principal authorities areSavage v. Rowell Distributing Corp., 95 So.2d 415 (Fla. 1957), and the discussion of federal rule 17 (c) in 6 C. Wright A. Miller, Federal Practice and Procedure § 1570 (1971).
Had this state's supreme court adopted federal rule 17 (c) verbatim, the old law as outlined by the defendant would have been largely replaced by different requirements, but "Rule 17 (c) differs from Federal Rule 17 (c) in its separate treatment of infants and incompetents. While some of the language of Rule 17 (c) is drawn from the Federal Rule 17 (c), the differences outnumber the similarities." 1 C. Lyons, Alabama Practice at 353 (1973). If those two rules are placed in parallel columns and are compared and studied the dissimilarities are readily and clearly apparent.[1]
With regard to infants and incompetents, Lyons has the following comments:
 "The sense of the Committee Comments discloses an intention to leave present practice in this field unaltered. Superseded Tit. 7, § 102 Code of Alabama, was construed in Citizens Walgreen Drug Agency, Inc. v. Gulf Ins. Co., 282 Ala. 648, 213 So.2d 814 (1968) to require the appointment of a guardian ad litem for minor defendants. Under Rule 17 (c) a representative may sue in the name of an infant or, having no representative, an infant may sue by his next friend. An infant defends by guardian ad litem. An incompetent may sue or defend in the name of a representative. Having no representative he may sue by next friend and defend by guardian ad litem." (Emphasis supplied.)
1 C. Lyons, Alabama Practice at 353 (1973).
It is evident from a comparison of the federal and Alabama rules 17 (c) that the original advisory committee who proposed this rule to the Alabama Supreme Court deliberately drafted the Alabama rule so as to accommodate and preserve the prior requirements of the Alabama law regarding the necessity of the appointment of a guardian ad litem to defend an infant defendant. Accordingly, we must be governed by the latest authoritative pronouncement of the Alabama Supreme Court upon this subject. Their most recent and most applicable opinion which discussed and determined that law as to an infant defendant was the Citizens Walgreen Drug Agency case, supra, which stated: *Page 109 
 "We hold that it was a duty resting upon the trial court to see that this injured infant receive a fair and impartial hearing, and that the record should have disclosed an appearance through the proceedings of a guardian ad litem being present in his behalf at all times. Owens v. Washington, 260 Ala. 198, 69 So.2d 694 [1953]; Porter v. Alabama Farm Bureau Mutual Cas. Ins. Co., 279 Ala. 499, 187 So.2d 254
[1966]; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234 [1936]; Title 7, § 102, Recompiled Code 1958, supra.
 "Since the record is clear that a period of time existed when there were important proceedings being had before the court, and at such time there was no guardian ad litem to speak for the minor, the court, on its own motion, should have remedied this situation then and there. We cannot conceive how this court, on appeal, could hold otherwise than that the infant did not have due process in face of all the activities of the trial court during the space of time when there was no guardian ad litem in existence. This absence of a guardian ad litem, under such circumstances, was a violation of a non-waivable right of the minor respondent."
282 Ala. at 651-652, 213 So.2d 814.
In applying that decision to the present case, the minor defendant was without a guardian ad litem during important proceedings and he was absolutely entitled to the benefits of a guardian ad litem at those times. That was a non-waivable right. It was a right of such magnitude that, upon appeal, the supreme court will take notice ex mero motu of the absence of a guardian ad litem for an infant defendant and will reverse the case on that account. Doss v. Terry, 256 Ala. 218, 54 So.2d 451
(1951). Therefore, this minor through his guardian ad litem did not, and could not, waive that defect by failing to make a motion for a mistrial. The learned trial judge had no alternative but to grant the defendant's motion for a new trial and erred to a reversal when that motion was overruled.
Because of the major differences which exist between federal rule 17 (c) and Alabama's rule 17 (c), the Florida case which was relied upon by the plaintiff and most of the comments as to 17 (c) in Federal Practice and Procedure, supra, have no application.
The case of Meriwether v. Brown, 390 So.2d 1042 (Ala. 1980), concerned an incompetent defendant rather than an infant. The requirements of Alabama's rule 17 (c) as to the necessity of an appointment of a guardian ad litem for an incompetent differ materially from the rule's mandate governing a guardian ad litem for an infant defendant. With regard to a minor defendant, a guardian ad litem must be appointed. A guardian ad litem need not be appointed to defend an incompetent who is diligently represented by counsel. Meriwether v. Brown, supra.
We are very cognizant of the feelings of futility, as well as the outright inconvenience, which are almost always experienced by trial judges, attorneys, litigants, witnesses, court officials and court employees when it is discovered or disclosed for the first time in the midst of a trial upon the merits of the case that a defendant is a minor and that no guardian ad litem had been appointed to represent him.
Regardless of the merits and demerits of both the federal and Alabama versions of rule 17 (c), we have no authority to alter or amend it. This court must follow the decisions of our supreme court. § 12-3-16, Code of Alabama 1975.
The minor defendant further argues that this case also must be reversed because only he was served with a copy of the summons and complaint which is contrary to some of the requirements of Rule 4 (c)(2) of the Alabama Rules of Civil Procedure. However, a decision on that issue is not necessary since this case must be reversed for other reasons, and the plaintiff will have the opportunity to, and should as a matter of precaution, correct any deficiencies which existed in service of process. *Page 110 
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.
[1] Federal Rule 17 (c) is as follows:
 "(c) Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."
Alabama rule 17 (c), in pertinent part is as follows:
 "(c) Infants or incompetent persons. Whenever an infant has a representative, such as a general guardian or like fiduciary, the representative may sue in the name of the infant. Whenever an incompetent person has a representative such as a general guardian or a like fiduciary, the representative may sue or defend in the name of the incompetent person. If an infant or incompetent person does not have a duly appointed representative, he may sue by his next friend. The court shall appoint a guardian ad litem (1) for an infant defendant, or (2) for an incompetent person not otherwise represented in an action and may make any other orders it deems proper for the protection of the infant or incompetent person. . . ."