WRIGHT, Presiding Judge.
Mrs. Wipperman appeals from denial of a Rule 60(b) motion.

Facts

Husband filed a petition for divorce. Wife filed answer and counterclaim. Husband answered counterclaim. The case being at issue, hearing was set. Attorney for the wife moved for permission to withdraw as counsel. Husband objected on the ground that the time of hearing was near and withdrawal of counsel would delay hearing. Suggestion was made that counsel for wife be appointed her guardian ad litem. Hearing was held on the motion. The motion to withdraw was denied. Appointment of guardian ad litem was denied. Hearing on merits was reset for a later date. Wife retained new counsel.
Wife’s new counsel filed a motion to withdraw, stating as grounds that he could not represent her because he could not comprehend the nature of her grievances nor what her witnesses would testify to if subpoenaed, nor could he communicate to her the fact that the offer of settlement made by the husband appeared to be fair and equitable.
The court, after discussion with counsel for both parties, appointed a guardian ad litem for the wife, but did not grant the motion of her counsel to withdraw. Answer and waiver of the taking of testimony, except for the deposition of the husband, was entered by counsel of the wife.
With the parties and counsel, together with the guardian ad litem, present in open court, the case was submitted for final decree upon the deposition of the husband, stipulations, and agreement of the parties. The court proceeded to enter a lengthy decree granting a divorce, property settlement and periodic alimony for the wife. The decree was signed and approved by counsel and the guardian ad litem.
Motion for new trial was filed by new counsel for the wife, stating as grounds that she felt she was not fairly treated nor her rights fully and fairly represented. The motion was denied after hearing.
Some five months later, a fourth counsel retained by the wife filed a motion for relief from the judgment. Said motion states it to be brought under Rule 60(b)(6), A.R.Civ.P. The basis for the motion is stated to be that the appointment of the guardian ad litem was erroneous and his acting for her caused an inequitable result in the decree. After hearing, the motion *978 was denied. The wife appeals the denial of the 60(b)(6) motion.

Merits

The issue stated on appeal is, “Did the court err in appointing a guardian ad litem in this case to make all decisions and to represent appellant?” The argument of appellant wife of the issue stated consists of one paragraph stating that the case of Helton v. Helton, 362 So.2d 257 (Ala.Civ.App.1978), indicates that before a guardian ad litem may be appointed under Rule 17(c), it is necessary that it be shown by testimony or otherwise that a party is in need of such guardian ad litem.
We respond to this appeal by first stating that appellant has misread Helton. Second, we do not find from the record any previous objection to the appointment of the guardian ad litem, though appellant and her retained attorney were present in court at all proceedings. Third, this appeal is from a ruling on a 60(b) motion, not from error in the underlying judgment of divorce. Our courts have said on many occasions that a 60(b) motion may not be a substitute for an appeal from the original judgment. Cornelius v. Green, 477 So.2d 1363 (Ala.1985). Fourth, there is no record of the events of the hearing on the motion and thus nothing for this court to review. Aaron v. Aaron, 350 So.2d 1060 (Ala.Civ.App.1977). Fifth, rather than charged with error, it appears that the trial court should be commended for attempting to insure proper protection for a party whose second retained attorney has represented to the court that he is unable to understand and communicate with his client.
For all of these reasons, we find that the trial court did not abuse its discretion in denying the Rule 60(b)(6) motion of the appellant.
The request of appellee for costs and attorney fees is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.