ON APPLICATION FOR REHEARING
PER CURIAM.
This court’s original opinion, dated November 28, 1990, is withdrawn, and the following is substituted therefor:
This is an appeal from an order granting summary judgment in consolidated cases concerning an action for ejection and a bill to redeem.
The record indicates that Nell M. Garrison signed two promissory notes and two mortgages to A & S Bonding Company, Inc. (A & S). The notes, in the amounts of $1,500 and $1,000, were secured by the mortgages on Garrison’s home and were to be due on the forfeiture of surety bonds posted by A & S on behalf of Kenneth Hayes, Garrison’s grandson.
Hayes did not appear in court at the designated time, and conditional bond forfeitures were issued by the court. A & S captured Hayes and returned him to jail, which relieved A & S of liability under the bond. A & S claimed that certain damages were owed to it for the expenses of the recapture. When these expenses were not paid, A & S foreclosed under the mortgag *2 es, and Garrison’s home was purchased by Lowell Kenneth Stanford, president of A & S.
On November 4, 1987, Garrison filed a complaint to redeem her property, asking that the court determine any amount that might be owed. She also claimed damages for wrongful foreclosure.
On November 6, 1987, Stanford filed a complaint, requesting that the court issue a writ of ejectment.. He claimed that Hayes did not appear in court when scheduled and that conditional bond forfeitures were issued by the court, that Garrison did not pay the amounts due, that A & S gave notice of sale at public auction of the home of Garrison, that Stanford purchased the property at auction, and that Garrison refused to vacate the property.
Stanford filed a motion for summary judgment. Garrison responded, contending that the mortgages were limited to the liability of A & S due to a forfeiture under the bonds and that there had been no sum paid as the result of a forfeiture. On February 22, 1990, the trial court granted summary judgment to Stanford, and it rendered a judgment in favor of Stanford against Garrison in the amount of $4,200 for rent due, granted title to the property to Stanford, ordered Garrison to restore Stanford to possession of the property, and awarded Stanford’s attorney a $1,500 attorney’s fee.
Garrison then filed a motion to reconsider, claiming that the acknowledgments on the mortgages were defective and asking the court to consolidate the case initiated by her complaint filed on November 4, 1987, with the case filed by Stanford in which the court had granted summary judgment, as they involved the same subject matter. In denying the motion to reconsider, the trial court determined that, since Garrison did not advise the court of any claims arising out of her case and since those claims might have been grounds to deny summary judgment, she had waived those grounds.
The dispositive issue is whether the trial court properly granted Stanford’s motion for summary judgment.
We note, at the outset, that the standard for determining whether summary judgment is proper is that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). The moving party bears the burden of proof. Jones v. Newton, 454 So.2d 1345 (Ala.1984). If the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to show substantial evidence in support of his position. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989).
Garrison first contends that the court should have considered her complaint to redeem as evidence on summary judgment since it was a matter of record before the court. Once the burden shifts to the nonmoving party, the nonmovant cannot rest on his pleadings, but must present a genuine issue of fact by way of opposing affidavits. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985). The trial court has no alternative other than to consider the movant’s evidence as uncontroverted and to enter summary judgment if the opposing affidavit does not contradict that presented by the movant. Id. In the present case the record reveals no affidavits by Garrison to contradict the showing by A & S that there was no genuine issue of fact. Her complaint to redeem cannot do so. Therefore, we find that the refusal of the trial court to consider the complaint to redeem as evidence on summary judgment was not in error.
Garrison next contends that the ac-knowledgement on the mortgage was void. However, this issue was raised by Garrison only in her motion to reconsider. In deciding whether to grant or deny the motion for summary judgment, the trial court could consider only the material before it at the time of submission of the motion, and any material filed after submission is too late. Moore v. Glover, 501 So.2d 1187 (Ala.1986). We find no error here.
*3 Garrison also contends that the mortgages were executed to secure the loss of A & S arising from a forfeiture on the bonds, that there was no loss from a forfeiture, and that A & S could not claim credit under the mortgages for any sums other than those arising from a forfeiture.
One of the mortgages states that Garrison is justly indebted to A & S in the sum of $1,500 “evidenced by promissory note,” and the other mortgage states that Garrison is justly indebted to A & S in the sum of $1,000 “evidenced by promissory note.” The promissory notes state that “[t]his Note is being executed by the undersigned to secure A & S Bail Bonding Company, Inc. as Surety, upon forfeiture or estreature of the surety bond(s) posted on behalf of the defendant named below.” (Emphasis supplied.) The notes become null and void if the defendant appears in court at the proper times “until all obligations under the bond or bond(s) posted on behalf of the defendant have been fulfilled and the Surety discharged of all liability thereunder, including, but not limited to, the amount of the bond(s), fines, court costs or other liability, otherwise to remain in full force and effect.”
An indemnity agreement, which was also signed by Garrison, states that in the event Hayes does not appear when the case is set for a hearing and a conditional forfeiture is taken against A & S, Garrison agrees to pay the amount of the bond to A & S to be held in escrow until Hayes is returned to the court or until a final forfeiture is taken against A & S. The money in escrow can then be used to pay any charges or expenses incurred by A & S.
Black’s Law Dictionary 585 (5th ed. 1979), defines forfeiture of bond as “[a] failure to perform the condition upon which obligor was to be excused from the penalty in the bond. With respect to a bail bond, occurs when the accused fails to appear for trial.” Section 15-13-80, Ala.Code 1975, provides as follows: “(a) The essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, appeal or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited by the failure of the defendant to appear, .... ”
According to Black’s Law Dictionary and the statute, a forfeiture did take place in the instant case. Although A & S discharged its liability by capturing and returning Hayes to the authorities, A & S was secured by the note and the mortgage by the failure of Hayes to appear at the proper time, thereby causing a conditional forfeiture to take place. A & S obligated itself for the expenses of the capture of Hayes and attempted to collect these expenses from Garrison. Failure to pay the amount on demand gave A & S the right to foreclose on the mortgage. Therefore, since a forfeiture did take place, we find no error in the court’s determination that there was a breach of the mortgage.
Garrison’s next contention is that there is no authority for granting an attorney’s fee in an action of ejectment. She contends that the court is limited to damages in an action of ejectment by those enumerated in § 6-6-280, Ala.Code 1975, and that an award of attorney’s fees is not included. However, the promissory notes provide for a reasonable attorney’s fee for the collection of the amount due under the note; therefore, we find that the notes provided authority for the granting of the attorney’s fee,
Finally, Garrison contends that the trial court erred in finding that A & S Bail Bonding Company, which foreclosed under the mortgage, was the intended mortgagee under the. mortgage wherein it was referred to as A & S Bonding Company, Inc. However, she cites no authority to support this contention; therefore, we will not consider this argument. Rule 28(a)(5), Alabama Rules of Appellate Procedure; Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ.App.1987).
In light of the above, we find that the grant of summary judgment was proper. This case is due to be affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; AFFIRMED.
*4 ROBERTSON, P.J., and RUSSELL, J., concur.
THIGPEN, J., not sitting.