SMITH, Justice
(dissenting).
Brenda Pepper appealed to the Court of Civil Appeals from a judgment in the Limestone Circuit Court ejecting her from her house, which had been foreclosed upon and sold. The Court of Civil Appeals affirmed the judgment in most respects. Pepper v. Bentley, 59 So.3d 684 (Ala.Civ.App.2008).
Pepper is beyond the age of majority and has not been adjudicated an incompetent. Before trial in the Limestoné Circuit Court, however, Pepper’s attorney filed a motion raising substantial questions about Pepper’s competence and requesting the appointment of a guardian ad litem under Rule 17(c), Ala. R. Civ. P., to protect Pepper’s interests. In the motion, Pepper’s attorney stated:
“1. That based upon his interactions with his client, [Pepper] is not capable of understanding the proceedings and the' direct implications and consequences of her decisions regarding this matter..
[[Image here]]
“4. That after investigation and repeated interviews with [Pepper], counsel reasonably believes that his representa *698 tion of [Pepper] has been, and will continue to be, compromised by her mental state, and that he cannot respect [Pepper’s] wishes and simultaneously defend her interests within the bounds of the law.
“5. That after due consideration, consultation with his law partners, supervisors, • and the Alabama State Bar, counsel reasonably believes that the only way he can effectively and ethically continue representation of [Pepper] will be to proceed under Alabama Rules of Professional Conduct Rule 1.14, and Alabama Rules of Civil Procedure Rule 17(c), and respectfully requests that this Honorable Court appoint a guardian for the purposes of this trial and to evaluate [Pepper’s] true mental state.
“6. That counsel shows unto this Honorable Court that he has not informed [Pepper] of his decision to request a guardian, as [Pepper] has expressed. great distrust of the legal system ' and mental-health-treatment facilities, and as such has specifically requested that counsel not request a guardian or raise any defense based on mental infirmity. However, for the reasons stated above, counsel reasonably believes this is the only way to fairly and adequately proceed with representation.”
The trial court denied counsel’s motion for the appointment of a guardian ad litem for Pepper without holding a hearing, without making any findings of fact, and without stating its basis for denying the motion.
This Court granted the petition for a writ of certiorari with respect to the following issues: (1) Whether the trial court erred in failing to conduct a hearing on Pepper’s motion for the appointment of a guardian ad litem, and (2) whether the trial court erred in failing to appoint a guardian ad litem for Pepper. Although Pepper’s attorney did not specifically request a hearing on his motion, at a minimum I think the portions of the motion quoted above articulated sufficient details to warrant a hearing. Therefore, I respectfully dissent from quashing the writ.