COBB, Chief Justice
(dissenting).
I respectfully dissent from the order quashing the writ in this case. The motion for appointment of a guardian ad litem demonstrated that Brenda Pepper was not (and could not be) represented by counsel in the absence of the appointment of a guardian ad litem. Omitting those portions of the motion that are arguably hearsay, Pepper’s counsel stated as follows in that motion:
“1. That based upon [counsel’s] interactions with his client, [Pepper] is not capable of understanding the proceedings and the direct implications and consequences of her decisions regarding this matter.
“2.
“3.
“4. That after investigation and repeated interviews with [Pepper], counsel reasonably believes that his representation of [Pepper] has been, and will continue to be, compromised by her mental state, and that he cannot respect [Pepper’s] wishes and simultaneously defend her interests within the bounds of the law.
“5. That after due consideration, consultation with his law partners, supervisors, and the Alabama State Bar, counsel reasonably believes that the only way he can effectively and ethically continue representation of [Pepper] will be to proceed under Alabama Rules of Professional Conduct Rule 1.14, and [Rule 17(c), Ala. R. Civ. P.], and respectfully requests that this Honorable Court appoint a guardian for the purposes of this trial and to evaluate [Pepper’s] true mental state.
“6. That counsel shows unto this Honorable Court that he has not informed [Pepper] of his decision to request a guardian, as [Pepper] ... has specifically requested that counsel not request a guardian or raise any defense based on mental infirmity. However, for the reasons stated above, counsel reasonably believes this is the only way to fairly and adequately proceed with representation.”
(Emphasis added.)
Rule 17(c), Ala. R. Civ. P., provides: “The court shall appoint a guardian ad litem ... for an incompetent person not otherwise represented in an action.” The appointment of a guardian ad litem is within the trial court’s discretion, but the failure to inquire into the defendant’s circumstances is a failure to exercise that discretion and is a question of law reviewable de novo. See United States v. 30.6U Acres of Land, 795 F.2d 796, 805 (9th Cir.1986). Further, it is settled law that “[t]he decision by a court whether to appoint a next friend or guardian ad litem rests with the sound discretion of the court and will not be disturbed unless there has been an abuse of its authority. However, the court must make a specific finding that the interests of the incompetent person are adequately protected in the event it does not make such appointment.” 53 Am.Jur.2d Mentally Impaired Persons § 162 (2006) (footnotes omitted; emphasis added).
In light of the above and the plain language of the motion filed by Pepper’s counsel,[1] the trial court erred by neither appointing a guardian ad litem nor inquiring into Pepper’s competency by means of an evidentiary hearing or otherwise. The motion placed the trial court on notice that, for all practical purposes, counsel *697 found himself unable to represent his client in the absence of a guardian ad litem because he found his client unable to consider his advice and her own best interests and to make those choices required of a client in the course of legal representation. As a matter of law, the pleadings themselves may serve as notice to the trial court that a party is likely to require a guardian ad litem. Helton v. Helton, 362 So.2d 257, 259 (Ala.Civ.App.1978) (“[I]t is sufficient that the trial court is apprised of the possibility that a party is an incompetent by the pleadings or otherwise. Such notice enables the court to appoint a guardian ad litem to protect the alleged incompetent’s interests.”).
Not only did counsel’s motion place the trial court on notice of a likelihood that counsel would be unable as a practical matter to represent Pepper in the absence of a guardian ad litem, but the plain language of paragraph five of the motion expressly requests the trial court to initiate an evaluation into Pepper’s mental state. The majority’s action in quashing the writ implies that counsel’s failure to submit evidence or to request a hearing for the purpose of evaluating Pepper’s mental state was fatal to the motion. I cannot agree. The motion adequately requests the trial court to conduct the necessary inquiry into Pepper’s mental state. The motion also makes clear that Pepper instructed counsel that she did not want a guardian ad litem and did not want to raise any defense based on mental infirmity. Under such circumstances, asking the trial court to inquire into a client’s mental state, rather than attempting to collect admissible evidence of a client’s mental incompetence (much less submitting it to the trial court against the express wishes of one’s client), avoids unnecessary practical and ethical hurdles and pitfalls. See Rule 1.14(c), Ala. R. Prof. Conduct (“Information relating to the representation of a client with diminished capacity is protected by Rule 1.6[, Ala. R. Prof. Conduct]. When taking protective action pursuant to paragraph (b) [pertaining to the lawyer’s duty to request a guardian ad litem for a client with diminished capacity], the lawyer is impliedly authorized under Rule 1.6(a) to reveal information about the client, but only to the extent necessary to protect the client’s interest.”).
Because I would hold that the trial court erred in neither appointing a guardian ad litem nor holding a hearing on Pepper’s competence to participate in a counsel/client relationship, I respectfully dissent.

. The statements in the motion are specific and directly relevant to the issue of counsel's ability to represent Pepper without a guardian ad litem present. I cannot join the Court of Civil Appeals in dismissing those statements as "nebulous.”